## Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION, <br><br> Petitioners, <br><br> vs. <br><br> JOHNNY MULLINS and MICHAEL BROWN, <br><br> Respondents. | DECLARATION OF RON BAILEY |

I, Ron Bailey, make the following Declaration pursuant to 28 U.S.C. § 1746:

1.      I am an attorney employed in the Office of General Counsel of the Occupational Safety and Health Review Commission ("OSHRC").

2.      I make this Declaration in support of a request by the OSHRC that this Court enforce trial subpoenas issued by the OSHRC on the grounds that enforcement of the subpoenas would be consistent with law and with the policies of the Occupational Safety and Health Act of 1970, 29 U.S.C. §§ 651-678 ("the Act").

3.      The OSHRC is a quasi-judicial administrative agency established under section 12 of the Act, 29 U.S.C. § 661.

4.      Commission Rule of Procedure 57(a), 29 C.F.R. § 2200.57(a), promulgated under the authority granted to the OSHRC in section 661(i), states that a Commission judge shall, "on the application of any party, issue to the applying party subpoenas requiring the attendance and testimony of witnesses and the production of any evidence. . . ."

5.     On January 20, 2016, the Occupational Safety and Health Administration (OSHA, a component of the Department of Labor) issued a citation to Basic Energy Services following the collapse of an oil and gas service rig in Dacoma, Oklahoma. The citation, issued as a serious violation of section 5(a)(1) of the Act, 29 U.S.C. 654(a)(1), alleges that "[o]n or about July 23, 2015, employees working within an oil and gas service rig were not removed from the derrick prior to applying unusual loading on the rig."

6.     Basic Energy Services filed a notice of contest with OSHA on January 26, 2016, resulting in the adjudicatory proceeding—*Secretary of Labor vs. Basic Energy Services, LP*, OSHRC Docket No. 16-0367—before the OSHRC.

7.     Pursuant to 29 C.F.R. § 2200.57(a), Administrative Law Judge Brian A. Duncan, at the request of the Office of the Solicitor for the Department of Labor, issued trial subpoenas to Johnny Mullins and Michael Brown on February 28, 2017. (Attach. 1 (trial subpoenas).)

8.     According to the Department of Labor, the testimony of Mr. Mullins and Mr. Brown is necessary as they were working on the rig when it collapsed, they are the only Basic Energy Services employees on the rig who survived the collapse, and they likely would provide pertinent testimony concerning the events surrounding the accident, including their conduct during events leading to the accident.

9.     Mr. Mullins was personally served the trial subpoena on February 28, 2017, which directed him to appear before ALJ Duncan in Dallas, Texas at Earle Cabell Federal Building, 1100 Commerce Street, Courtroom 726, at 9:00 a.m. on

March 9, 2017, to testify in the matter of *Basic Energy Services, LP*. (Attach. 1 (Mullins subpoena).)

10.     Mr. Brown was personally served the trial subpoena on March 2, 2017, which directed him to appear before ALJ Duncan in Dallas, Texas at Earle Cabell Federal Building, 1100 Commerce Street, Courtroom 726, at 9:00 a.m. on March 9, 2017, to testify in the matter of *Basic Energy Services, LP*. (Attach. 1 (Brown subpoena).)

11.     Upon information and belief, Mr. Mullins resides or is found at 12881 North Main Street, Overton, Texas 75684.

12.     Upon information and belief, Mr. Brown resides or is found at 456 C.R. 245, Beckville, Texas 75631.

13.     A hearing was held before ALJ Duncan at the address and time specified in the subpoenas personally served on Mr. Mullins and Mr. Brown, but neither Mr. Mullins nor Mr. Brown appeared at the hearing. (Attach. 2 (3/9/17 Hr'g Tr.).) ALJ Duncan, therefore, continued the case.

14.     On March 29, 2017, the Department of Labor requested that OSHRC commence an enforcement proceeding with respect to the subpoenas personally served on Mr. Mullins and Mr. Brown.

15.     In an order issued on October 12, 2017, ALJ Duncan set a new trial date, ordering the hearing to commence at 9:00 a.m. on March 1, 2018 in Tyler Texas.

16.     ALJ Duncan issued two orders on February 6, 2018, requiring Mr. Mullins and Mr. Brown to appear and testify at the trial in the matter of *Basic Energy Services, LP* at 9:00 a.m. on March 1, 2018 in Tyler, Texas at William M.

Steger Federal Building and United States Courthouse, 211 West Ferguson Street, Courtroom 102. (Attach. 3 (2/6/2018 Orders).) On February 7, 2018, ALJ Duncan also signed trial subpoenas directing Mr. Mullins and Mr. Brown to appear for the March 1, 2018 trial. The trial subpoena directed to Mr. Brown was personally served on Mr. Brown on February 12, 2018. The trial subpoena directed to Mr. Mullins was personally served on Mr. Mullins on February 19, 2018. (Attach. 4 (Trial Subpoenas and Returns of Service re: Mullins and Brown)).

17.     No intervening events, since Mr. Mullins and Mr. Brown failed to appear for the March 9, 2017 hearing, have provided a basis for concluding that they will appear for the rescheduled, March 1, 2018 hearing.

18.     As required by 29 C.F.R. § 2200.57(e), enforcement of the subpoenas is consistent with law and with the policies of the Act.

19.     The OSHRC recognizes in 29 C.F.R. § 2200.57(e) that it does not "assume[] responsibility for the effective prosecution" of the subpoenas "before the [C]ourt." The OSHRC has, therefore, requested that the office of the United States Attorney petition this Court to enforce the subpoenas pursuant to 29 C.F.R. § 2200.57(e). (Attach. 5 (4/4/2017 referral letter).)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 23rd day of February 2018.

_____
Ron Bailey
Attorney Advisor
Occupational Safety and Health Review Commission

# Attachment 1

# Exhibit C
# Return of Service of Michael Brown and Johnny Mullins

Secretary of Labor v. Basic Energy Services, LP
OSHRC Docket No. 16-0367
Motion to Enforce Commission Trial Subpoenas
ALJ Brian A. Duncan

# SUBPOENA TO APPEAR AND TESTIFY

## UNITED STATES OF AMERICA

## OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION

*To*  Johnny Mullins, 12881 North Main Street, Overton, TX 75684

*Request therefor having been duly made by*  Christopher D. Lopez-Loftis, Trial Attorney

*of*  525 S. Griffin St., Ste. 501  Dallas  Texas
      *(Street)*                    *(City)*                        *(State)*

**YOU ARE HEREBY REQUIRED AND DIRECTED TO APPEAR** *before*  Honorable Judge Brian A. Duncan

*of the Occupational Safety and Health Review Commission, at*  Courtroom 726, Earle Cabell
Federal Building, 1100 Commerce Street

*in the City of*  Dallas, Texas 75242

*on the* 9th  *day of* March  *, 20* 17 *,at* 9:00  *o'clock*  a.m.

*of that day, to testify in the Matter of*  Secretary of Labor v. Basic Energy Services, LP

_____ *OSHRC Docket No.* 16-0367

*And you are hearby required to bring with you and produce at said time and place the following
books, records, correspondence, and documents:*

_____

_____

_____

*In testimony whereof, the seal of the Occupational Safety
and Health Review Commission is affixed hereto, and the
undersigned has hereunto set hand and authorized the
issuance hereof.*

*Issued at*  Denver, Colorado

*This*  28  *day of*  February  *, 20* 17

Brian A. Duncan, Judge, OSHRC     U. S. Customs House
                                  721 19th Street, Room 407
                                  Denver, CO 80202-2517

NOTICE TO WITNESS. – Witness fees for attendance, subsistence, and mileage, under this subpoena are payable by the party at whose request the witness is
subpoenaed. This subpoena should be retained and submitted with the voucher if reimbursement for witness fees from the U.S. Government is claimed

## RETURN OF SERVICE

I hereby certify that being a person over 18 years of age, I duly served a copy of the within subpoena

☑ In person

☐ by certified mail-return receipt requested

☐ by leaving a copy at principal office or place of business, or at the person's residence
with some person of suitable age and discretion residing therein, to wit:

on the person named herein on _Johnny Mullins_

February 28, 2017 at 7:47 pm

**State of Texas**
**County of** _SMITH_
**Sworn to and Subscribed Before**
**me on the** _1_ **Day of** _March_
**20** _17_

Notary Public's Signature

(Month, Day, and Year)

Michael J. Collins
(Name of person making service)

Process Server # SCH 359 Exp 7-31-17
(Official Title, if any)

*I certify that the person named herein was in attendance as a witness at*

MARCUS COLLINS
MY COMMISSION EXPIRES
June 29, 2018

*On*

_____

(Month, Day, and Year)

_____

(Name of person certifying)

_____

(Official Title)

Page 2 of 3

**§2200.57 Issuance of subpoenas; Petitions to revoke or modify subpoenas; Right to inspect or copy data.**

(a) *Issuance of subpoenas.* On behalf of the Commission or any member thereof, the Judge shall, on the application of any party, issue to the applying party subpoenas requiring the attendance and testimony of witnesses and the production of any evidence, including relevant books, records, correspondence, or documents, in his possession or under his control. The party to whom the subpoena is issued shall be responsible for its service. Applications for subpoenas, if filed prior to the assignment of the case to a Judge, shall be filed with the Executive Secretary at One Lafayette Centre, 1120 20th Street N.W., Suite 980, Washington, DC 20036-3457. After the case has been assigned to a Judge, applications shall be filed with the Judge. Applications for subpoena(s) may be made ex parte. The subpoena shall show on its face the name and address of the party at whose request the subpoena was issued.

(b) *Service of Subpoenas.* A subpoena may be served by any person who is not a party and is not less than 18 years of age. Service of a subpoena upon a person named therein may be made by service on the person named, by certified mail return receipt requested, or by leaving a copy at the person's principal place of business or at the person's residence with some person of suitable age and discretion residing therein.

(c) *Revocation or modification of subpoenas.* Any person served with a subpoena, whether ad testificandum or duces tecum, shall, within 5 days after the date of service of the subpoena upon him, move in writing to revoke or modify the subpoena if he does not intend to comply. All motions to revoke or modify shall be served on the party at whose request the subpoena was issued. The Judge or the Commission shall revoke or modify the subpoena if in its opinion the evidence whose production is required does not relate to any matter under investigation or in question in the proceedings or the subpoena does not describe with sufficient particularity the evidence whose production is required, or if for any other reason sufficient in law the subpoena is otherwise invalid. The Judge or the Commission, as the case may be, shall make a simple statement of procedural or other grounds for the ruling on the motion to revoke or modify. The motion to revoke or modify, any answer filed thereto, and any ruling thereon shall become a part of the record.

(d) *Rights of persons compelled to submit data.* Persons compelled to submit data or evidence at a public proceeding are entitled to retain or, on payment of lawfully prescribed costs, to procure copies of transcripts of the data or evidence submitted by them.

(e) *Failure to comply with subpoena.* Upon the failure of any person to comply with a subpoena issued upon the request of a party, the Commission by its counsel shall initiate proceedings in the appropriate district court for the enforcement thereof, if in its judgment the enforcement of such subpoena would be consistent with law and with policies of the Act. Neither the Commission nor its counsel shall be deemed thereby to have assumed responsibility for the effective prosecution of the same before the court.


**§2200.65 Payment of witness fees and mileage; Fees of persons taking depositions.**

Witnesses summoned before the Commission or the Judge shall be paid the same fees and mileage that are paid witnesses in the courts of the United States, and witnesses whose depositions are taken and the persons taking the same shall severally be entitled to the same fees as are paid for like services in the courts of the United States. Witness fees and mileage shall be paid by the party at whose instance the witness appears, and the person taking a deposition shall be paid by the party at whose instance the deposition is taken.

# SUBPOENA TO APPEAR AND TESTIFY

## UNITED STATES OF AMERICA

### OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION

*To* Michael Brown, 456 CR 245, Beckville, TX 75631

*Request therefor having been duly made by* Christopher D. Lopez-Loftis, Trial Attorney

*of* 525 S. Griffin St., Ste. 501    Dallas      Texas
*(Street)*      *(City)*      *(State)*

**YOU ARE HEREBY REQUIRED AND DIRECTED TO APPEAR** *before*    Honorable Judge Brian A. Duncan

*of the Occupational Safety and Health Review Commission, at* Courtroom 726, Earle Cabell Federal Building, 1100 Commerce Street

*in the City of* Dallas, Texas 75242

*on the* 9th *day of* March , 20 17 ,*at* 9:00 *o'clock* a.m.

*of that day, to testify in the Matter of* Secretary of Labor v. Basic Energy Services, LP

*OSHRC Docket No.* 16-0367

*And you are hearby required to bring with you and produce at said time and place the following books, records, correspondence, and documents:*

*In testimony whereof, the seal of the Occupational Safety and Health Review Commission is affixed hereto, and the undersigned has hereunto set hand and authorized the issuance hereof.*

*Issued at* Denver, Colorado

*This* 28 *day of* February , 20 17

Brian A. Duncan, Judge, OSHRC

U S Customs House
721 19th Street, Room 407
Denver, CO 80202-2517

NOTICE TO WITNESS — Witness fees for attendance, subsistence, and mileage, under this subpoena are payable by the party at whose request the witness is subpoenaed. This subpoena should be retained and submitted with the voucher if reimbursement for witness fees from the U.S. Government is claimed

## RETURN OF SERVICE

I hereby certify that being a person over 18 years of age, I duly served a copy of the within subpoena

☑ In person

☐ by certified mail-return receipt requested

☐ by leaving a copy at principal office or place of business, or at the person's residence with some person of suitable age and discretion residing therein, to wit:

on the person named herein on ___MARCH 2, 2017    4:30 PM___

___03/03/2017___
(Month, Day, and Year)

___LAREN TRITCH___ _Laren Tritch_
(Name of person making service)

___SCH10955    EXP 5/31/17___
(Official Title, if any)

_I certify that the person named herein was in attendance as a witness at_

_____

_____

_On_

_____
(Month, Day, and Year)

_____
(Name of person certifying)

_____
(Official Title)

Page 2 of 3

**§2200.57 Issuance of subpoenas; Petitions to revoke or modify subpoenas; Right to inspect or copy data.**

(a) *Issuance of subpoenas.* On behalf of the Commission or any member thereof, the Judge shall, on the application of any party, issue to the applying party subpoenas requiring the attendance and testimony of witnesses and the production of any evidence, including relevant books, records, correspondence, or documents, in his possession or under his control. The party to whom the subpoena is issued shall be responsible for its service. Applications for subpoenas, if filed prior to the assignment of the case to a Judge, shall be filed with the Executive Secretary at One Lafayette Centre, 1120 20th Street N.W., Suite 980, Washington, DC 20036-3457. After the case has been assigned to a Judge, applications shall be filed with the Judge. Applications for subpoena(s) may be made ex parte. The subpoena shall show on its face the name and address of the party at whose request the subpoena was issued.

(b) *Service of Subpoenas.* A subpoena may be served by any person who is not a party and is not less than 18 years of age. Service of a subpoena upon a person named therein may be made by service on the person named, by certified mail return receipt requested, or by leaving a copy at the person's principal place of business or at the person's residence with some person of suitable age and discretion residing therein.

(c) *Revocation or modification of subpoenas.* Any person served with a subpoena, whether ad testificandum or duces tecum, shall, within 5 days after the date of service of the subpoena upon him, move in writing to revoke or modify the subpoena if he does not intend to comply. All motions to revoke or modify shall be served on the party at whose request the subpoena was issued. The Judge or the Commission shall revoke or modify the subpoena if in its opinion the evidence whose production is required does not relate to any matter under investigation or in question in the proceedings or the subpoena does not describe with sufficient particularity the evidence whose production is required, or if for any other reason sufficient in law the subpoena is otherwise invalid. The Judge or the Commission, as the case may be, shall make a simple statement of procedural or other grounds for the ruling on the motion to revoke or modify. The motion to revoke or modify, any answer filed thereto, and any ruling thereon shall become a part of the record.

(d) *Rights of persons compelled to submit data.* Persons compelled to submit data or evidence at a public proceeding are entitled to retain or, on payment of lawfully prescribed costs, to procure copies of transcripts of the data or evidence submitted by them.

(e) *Failure to comply with subpoena.* Upon the failure of any person to comply with a subpoena issued upon the request of a party, the Commission by its counsel shall initiate proceedings in the appropriate district court for the enforcement thereof, if in its judgment the enforcement of such subpoena would be consistent with law and with policies of the Act. Neither the Commission nor its counsel shall be deemed thereby to have assumed responsibility for the effective prosecution of the same before the court.

**§2200.65 Payment of witness fees and mileage; Fees of persons taking depositions.**

Witnesses summoned before the Commission or the Judge shall be paid the same fees and mileage that are paid witnesses in the courts of the United States, and witnesses whose depositions are taken and the persons taking the same shall severally be entitled to the same fees as are paid for like services in the courts of the United States. Witness fees and mileage shall be paid by the party at whose instance the witness appears, and the person taking a deposition shall be paid by the party at whose instance the deposition is taken.

# Attachment 2

March 9, 2017

UNITED STATES OF AMERICA
OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION

SECRETARY OF LABOR,                    |
                                       |
      Complainant                      |
                                       |      OSHRC DOCKET NO.
v.                                     |          16-0367
                                       |
BASIC ENERGY SERVICES, L.P.            |
and its successors                     |
                                       |
      Respondent                       |

                          United States Tax Court
                          Courtroom 726, 7th Floor
                          Earle Cabell Federal Building
                          1100 Commerce Street
                          Dallas, Texas 75242

                          Wednesday, March 9, 2017

      The above-entitled matter came on for hearing at
at 9:00 a.m.

BEFORE:

      BRIAN A. DUNCAN, Administrative Law Judge, OSHRC

March 9, 2017

APPEARANCES:

    CHRISTOPHER D. LOPEZ-LOFTIS, Trial Attorney
    BRIAN HURT, Trial Attorney
    U.S. Department of Labor
    Office of the Solicitor
    525 S. Griffin Street, Suite 501
    Dallas, Texas  75202-5020
    Telephone: (972) 850-3100
    Facsimile: (972) 850-3101

            FOR THE SECRETARY OF LABOR


    STEVEN R. McCOWN, ESQ.
    SEAN M. McCRORY, ESQ.
    LITTLER MENDELSON, PC
    2001 Ross Avenue, Suite 1500, LB 116
    Dallas, Texas 75201-2931
    Telephone: (214) 880-8100
    Facsimile: (214) 880-0181

            FOR THE RESPONDENT


ALSO PRESENT:

    Wayne Eyerly, CSHO, Oklahoma City Area Office
    Steve Wild, District VP for Basic Energy Oklahoma/
      Kansas Area

March 9, 2017

I N D E X

                                                    PAGE

Proceedings, March 9, 2017                            5

WITNESSES
[None]

Court Reporter's Certificate                        107


                        EXHIBITS

COMPLAINANT'S:
NUMBER     DESCRIPTION                       ADMITTED

C-1        Inspection Report                    74

C-2        Safety Narrative                     74

C-3        Violation Worksheet                  74

C-4        OSHA photo mounting worksheet        74

C-5        OSHA Citation and Notification
           of Penalty                           74

C-6        Informal Conference Notes          Wd/22

C-7        OSHA Form 300                       Wd/22

C-8        J. Mullins Deposition Transcript   Rej/69

C-9        M. Brown Deposition Transcript     Rej/69

C-11       Police Report                      Rej/62

C-12       J. Mullins Recorded Statement      Wd/23

C-13       G. Ogle Recorded Statement         Wd/23

C-14       J. Mullins Recorded Statement
           Transcript                         Wd/23

C-15       G. Ogle Recorded Statement
           Transcript                         Wd/23

```
C-16        Inspection Photos                    Wd/23

C-17        Business Record Affidavit of Woods
            County Sheriff's Office              Rej/68

C-19        DOL National Contract Center Call
            Transcript of Steven Wild            Wd/24

RESPONDENT'S:
NUMBER      DESCRIPTION                          ADMITTED

R-1         Employee Safety Handbook

R-2         Employee Policy Handbook

R-3         Rig Controls, Functions and
            Operation

R-4         Supervisor's Monthly Inspection
            Forms

R-5         Base Beam Conformance Certificate

R-6         Rig 1793 Conformance Certificates

R-7         Mast Certificate
```

     1                    P R O C E E D I N G S

     2                                      [9:00 a.m.]

     3          JUDGE DUNCAN:  Let's go on the record.  Good

     4     morning again to everyone.

     5                    This is a trial in the case of the

     6     *Secretary of Labor versus Basic Energy Services*,

     7     OSHRC Docket No. 16-0367.

     8                    My name is Brian Duncan.  I'm the

     9     Judge from the United States Occupational Safety

    10     and Health Review Commission that's been assigned

    11     to preside over this trial.

    12                    I say this in the beginning because I

    13     make sure that everyone understands, because

    14     occasionally I have people in trial that don't

    15     understand what the Occupational Safety and Health

    16     Review Commission is, particularly for witnesses,

    17     and I know counsel are aware of it, but the

    18     Occupational Safety and Health Review Commission

    19     has no affiliation with OSHA whatsoever.  We are a

    20     separate federal agency.

    21                    There are 12 judges throughout the

    22     country who decide Federal OSHA disputes between

    23     the government, the OSHA prosecutors, investigators

    24     and their prosecutors in the Solicitor's Office,

    25     and the regulated employers who receive citations

1    from the government.

2              So our job is to, without any bias or

3    prejudice or inclination one way or the other, to

4    dissolve -- resolve these disputes according to the

5    facts and the law that applies to the case.

6              This trial is being conducted pursuant

7    to the provisions of the Occupational Safety and

8    Health Act of 1970, specifically Section 10, as

9    well as the rules and regulations of the United

10   States Occupational Safety and Health Review

11   Commission.

12             The trial is being transcribed by Ms.

13   Ann Berry, who's been designated as the official

14   court reporter for this case.  If you'd like to

15   receive a copy of the transcript of this trial, you

16   can purchase a copy of the transcript from

17   Ms. Berry.  She probably has already given you her

18   information to contact her.

19             Counsel for the Secretary, if you'd

20   introduce yourself, tell me who you have at counsel

21   table and tell me who your party representative is,

22   please.

23        MR. LOPEZ-LOFTIS:  Yes, Your Honor.

24   Christopher Lopez-Loftis.  With me here is Brian

25   Hurt, Senior Trial Attorney in the Solicitor's

1    Office.  And our client rep is going to be Wayne

2    Eyerly in the yellow tie, who's a Compliance

3    Officer with OSHA.  And also we have Mr. James

4    Nelson, also with OSHA out of the Health Response

5    team, out of Salt Lake City, Utah.

6         JUDGE DUNCAN:  Thank you.  What was the

7    Compliance Officer representative's name again?

8         MR. LOPEZ-LOFTIS:  His name is Wayne Eyerly.

9         JUDGE DUNCAN:  Please spell that last name.

10        MR. LOPEZ-LOFTIS:  It is E-Y-E-R-L-Y.

11        JUDGE DUNCAN:  All right.  Thank you.

12        JUDGE DUNCAN:  And for Respondent?

13        MR. McCRORY:  I'm Sean McCrory from Basic

14   Energy.  I'm here with Mr. Steven McCown.  Our

15   company representative is Mr. Steve Wild, and he is

16   the Vice President over Oklahoma and Kansas for

17   Basic Energy.

18        JUDGE DUNCAN:  Thank you.  Did you say Wild?

19        MR. McCRORY:  Wild, W-I-L-D.

20        JUDGE DUNCAN:  Thank you.  All right.  We have

21   -- when you look at it on paper, it's not a big

22   case.  It's a one serious item, $7,000 case.

23             However, I think it's going to be a

24   maybe a little more complicated than a typical one

25   serious $7,000 proposed case.  It's got a proposed

1  penalty of, like I said, $7,000 issued as a result

2  of OSHA Inspection No. 1084476.

3            Am I in the right place?  Do we have

4  the right case?  One serious citation, Mr. McCrory?

5      Mr. McCRORY:  That is correct.

6      JUDGE DUNCAN:  All right.  Mr. -- do you want

7  to be called Mr. Lopez-Loftis or can I call you

8  "Mr. Lopez"?

9      MR. LOPEZ-LOFTIS:  "Mr. Lopez" is fine, Your

10 Honor.

11     JUDGE DUNCAN:  All right.  Thank you.  This is

12 a conventional case, as opposed to a simplified

13 case.  Therefore, Commission Rules 69, 70, 71 and

14 72 apply, which specifically incorporate, as you

15 all know, the Federal Rules of Evidence.

16            I have gone through your pretrial

17 statements.  I appreciate you submitting those.  I

18 know we have a pending motion.

19            Actually, I'll tell you what we have.

20 We have a pending motion, a pending supplemental

21 motion, then a response to that motion, then a

22 reply to the response to the motion; am I right?

23     MR. LOPEZ-LOFTIS:  That's correct, Your Honor.

24     MR. McCOWN:  That's correct.

25     JUDGE DUNCAN:  Okay.  We're going to get to

1    that.  We're probably going to spend a fair amount

2    of our morning going through the issues related to

3    that motion, and I'll give you my decision on the

4    motion and the response to the motion after I talk

5    to y'all about it and we're going to work through

6    it.

7                    But I want to walk through a couple of

8    things before we do that.  One is that I know there

9    are some objections to some witnesses.  But as we

10   come to these trials, at least in my experience,

11   the information that's contained in the pretrial

12   statements sometimes changes between the time that

13   it's submitted and the time that we actually show

14   up here in the morning ready to go with our

15   witnesses and exhibits.

16                    So the first thing I want to do is go

17   through the proposed witness lists with the parties

18   and make sure that the anticipated number of

19   witnesses and specific witnesses haven't changed.

20                    Mr. Lopez, I'll start with you.  Is

21   generally -- is your witness list going to be the

22   same or can we remove some folks on that list?

23       MR. LOPEZ-LOFTIS:  Yes, Your Honor.  We do have

24   some changes.

25       JUDGE DUNCAN:  Okay.

March 9, 2017

1    MR. LOPEZ-LOFTIS:  And there's another issue

2    that I think we should bring to the Court's

3    attention.

4              Two of the witnesses that are listed,

5    the Secretary intended to have them testify today.

6    That's Mullins and Brown, which both are under

7    subpoena, but we do not see them in the court as of

8    present.  And so in the event that they don't show

9    up to give their testimony, we would ask that the

10   Court would allow us to leave the record open to

11   take their post-trial depositions.

12   JUDGE DUNCAN:  We've got somebody walking in

13   the back right now.  Could that be one of them?

14   MR. LOPEZ-LOFTIS:  No, that is another attorney

15   in our Solicitor's office.

16   JUDGE DUNCAN:  Okay.  All right.

17   MR. LOPEZ-LOFTIS:  And then as far as the only

18   other remaining witness -- actually three.  So we

19   have George Ogle.  He has -- we attempted service,

20   but we were not able to get him served, so we don't

21   expect him to be here to testify.

22             And then the deputies with the

23   Sheriff's office, Deputy David Cummings and Deputy

24   Keith Dale, we have not subpoenaed them, but we

25   have a proposed business record affidavit to get

 1  some exhibits in that they would have ultimately

 2  testified to.

 3       JUDGE DUNCAN:  So David Cummings will not be

 4  called to testify.

 5       MR. LOPEZ-LOFTIS:  And Keith Dale --

 6       JUDGE DUNCAN:  Keith Dale will not be called to

 7  testify.

 8       MR. LOPEZ-LOFTIS:  And George Ogle.

 9       JUDGE DUNCAN:  And George Ogle will not be

10  called to testify.

11            You subpoenaed Mr. Mullins and Mr.

12  Brown?

13       MR. LOPEZ-LOFTIS:  Yeah.

14       JUDGE DUNCAN:  Do you have proof of service for

15  that?

16       MR. LOPEZ-LOFTIS:  I do, Your Honor, with a

17  small caveat.  Well, for Mullins, I do have his

18  return of service here with me today.

19            With regards to Brown, I have proof

20  via email from a process server that he was

21  successfully served.  However, his return is

22  actually in the mail on its way back to our office.

23  And so he was served, Your Honor, but I do not have

24  his return of service with me.  We followed up as

25  late as yesterday on that proof of service.  And I

1   suspect if it's not in our office mailbox today,

2   that it's en route.

3       JUDGE DUNCAN:  When did you serve Mr. Mullins

4   and Mr. Brown?

5       MR. LOPEZ-LOFTIS:  So Mr. Brown was served on

6   March 2nd at 4:30 p.m., according to the email from

7   the process server.  And then according to the

8   return of service for Johnny Mullins, he was served

9   February 28th at 7:47 p.m.

10      JUDGE DUNCAN:  All right.  Thank you.

11      MR. LOPEZ-LOFTIS:  And also, Your Honor -- I'm

12  sorry to interrupt --

13      JUDGE DUNCAN:  Go ahead.

14      MR. LOPEZ-LOFTIS:  -- well, from what I

15  understand, Brown was served on a third attempt, so

16  if -- and I believe Mullins was served on his first

17  or second attempt, so given that it took a couple

18  of times to actually get them served, I think

19  that's the reason for the short delay in getting

20  Brown served.

21              But both subpoenas went out on the

22  same day.  Actually all three, with George Ogle,

23  but we were unsuccessful in getting him served.

24      JUDGE DUNCAN:  Okay.  Do you still plan to call

25  Mr. Eyerly?  Is that how you pronounce it, again?

March 9, 2017

```
1         MR. LOPEZ-LOFTIS:  Yes, Your Honor.

2         JUDGE DUNCAN:  And Mr. Nelson?

3         MR. LOPEZ-LOFTIS:  Yes, Your Honor.

4         JUDGE DUNCAN:  Okay.  Thank you.  And for the

5    Respondent, you only had one witness listed,

6    correct?

7         MR. McCRORY:  That's correct.  We just have

8    Steve Wild.

9         JUDGE DUNCAN:  Okay.  Do you still anticipate

10   calling him?

11        MR. McCRORY:  That's correct.

12        JUDGE DUNCAN:  All right.  Thank you.

13        MR. McCRORY:  And, Your Honor, as long as it's

14   not premature, we would also like to invoke the

15   rule.

16        JUDGE DUNCAN:  That is the next thing on my

17   list.  I appreciate that.  Yeah, my practice is to

18   sequester all the witnesses to make sure that one

19   witness' testimony doesn't influence the testimony

20   of another.  Now you've already moved for that.

21             Do you have any objection, Mr. Lopez?

22        MR. LOPEZ-LOFTIS:  No, Your Honor.

23        JUDGE DUNCAN:  Okay.  I'm going to ask at this

24   point, then, that all of the testifying witnesses

25   that are in the courtroom, other than party
```

1  representatives, be excused out in the hallway.

2  What we'll do is, we'll go off the record for a

3  second so that she -- let's go off the record.

4              [Off the record.]

5      JUDGE DUNCAN:  All right.  We're back on the

6  record just after about a five-minute break in

7  which we opened one of the Petitioner counsel rooms

8  next door to the courtroom so that the witnesses

9  can wait until they're called to testify, pursuant

10  to Rule 615 under sequestration.

11              And I would ask counsel during the

12  course of the trial today and tomorrow to help me

13  to make sure that if you see a testifying witness

14  in the courtroom, that you either let opposing

15  counsel know, let me know, to make sure they're not

16  in here listening to testimony when they shouldn't

17  be.

18              All right?

19      MR. LOPEZ-LOFTIS:  Yes, Your Honor.

20      MR. McCRORY:  Understood.

21      JUDGE DUNCAN:  Thank you.  We've got from both

22  your pretrial statements, both of you indicated

23  there weren't any stipulations, but that you'd be

24  willing to stipulate to a couple of things and

25  there was some overlap.

1        The two things that you said you'd be
2   willing to stipulate to were employer status under
3   the Act and the Commission's jurisdiction over this
4   case.
5        And since the two that overlapped, I
6   think, are really isolated in your pretrial
7   statement, Mr. McCrory, would you mind first
8   verifying that you're willing to stipulate to those
9   two issues?
10      MR. McCRORY:  That is correct, Your Honor, we
11  are.
12      JUDGE DUNCAN:  Mr. Lopez, I assume you're also
13  willing to stipulate to that?
14      MR. LOPEZ-LOFTIS:  That is correct, Your Honor.
15      JUDGE DUNCAN:  All right.  Would you mind
16  reading those into the record, please?
17      MR. McCRORY:  Absolutely.  Respondent is
18  willing to stipulate to the following:
19        The Commission has jurisdiction over
20  this proceeding under Section 10(c) of the
21  Occupational Safety and Health Act.  That's 29 USC
22  Section 659(c).  Basic Energy Service is an
23  employer engaged in a business affecting "commerce"
24  within the meaning of Section 35 of the Act, 29 USC
25  Section 652(5).

```
1          JUDGE DUNCAN:  Thank you.  Mr. Lopez, do you
2     agree?
3          MR. LOPEZ-LOFTIS:  Yes, Your Honor.
4          JUDGE DUNCAN:  All right.  So those
5     stipulations are entered into the record.
6               Before we get into the motions on the
7     timeliness and the discovery disclosure of the
8     certain witnesses and exhibits, are there any other
9     issues we need to cover before we get into that?
10         MR. McCOWN:  May I have a word, Your Honor?
11         JUDGE DUNCAN:  Please.
12         MR. McCOWN:  This is just for the -- the young
13    lawyers in the room.
14              How do you prefer?  They've been
15    standing up and sitting down very appropriately.
16    Do you prefer them to stand up when we're
17    addressing you?  Do you want us to use the podium
18    for --
19         JUDGE DUNCAN:  No, I'll leave it up to you, but
20    I will tell you, as I was trained and as I've tried
21    cases all the way up until I was appointed to this
22    position, when I addressed any judge, even if I was
23    fighting a speeding ticket, I at least stood.  But
24    I will leave it to each of your discretion.  I
25    mean, we're not in a big courtroom here, but I
```

1   always stood when I addressed the Court.

2       MR. McCOWN:  And it's okay to use the podium?

3       JUDGE DUNCAN:  Absolutely.

4       MR. McCOWN:  And do they need to ask permission

5   to approach the witness?

6       JUDGE DUNCAN:  Please.

7       MR. McCOWN:  Okay.  Anything that we need to

8   know?

9       JUDGE DUNCAN:  No.

10      MR. McCOWN:  Okay.  Thank you.

11      JUDGE DUNCAN:  Pretty much good questions.

12  Thank you.

13              Any other issues before we get into

14  the motions?

15      MR. LOPEZ-LOFTIS:  No, Your Honor.

16      JUDGE DUNCAN:  All right.

17      MR. McCOWN:  Nothing further.

18      JUDGE DUNCAN:  Okay.  I have reviewed the

19  motion, the supplemental motion, the response to

20  the motion, as I said earlier, and then the reply

21  to the motion.  And I know you requested a

22  conference call, and I indicated that I didn't need

23  a conference call, and that's because those kinds

24  of issues I like to deal with at the beginning of

25  the trial.

March 9,  2017

1          My understanding of the motion is that
2    there is an issue regarding the timeliness of the
3    Complainant's disclosure of the trial exhibits to
4    the Respondent, that there are some witnesses.  And
5    we're going to go back through that all.
6          There are some witnesses on there that
7    you say weren't disclosed through discovery, and
8    they would have been responsive.
9          And then there are some exhibits that
10   were not produced in discovery that would have been
11   responsive that are on the Secretary's pretrial
12   exhibit list.
13          Is that a pretty good summation?
14      MR. McCRORY:  That is fair, yes.
15      JUDGE DUNCAN:  Okay.  And I also remember
16   reading, I think, in the reply that there were
17   still, as of the date of the reply, a couple of
18   exhibits that had still not been produced?
19      MR. McCRORY:  That is correct.  But since then,
20   Mr. Lopez has informed me that he will not be
21   presenting those exhibits.
22      JUDGE DUNCAN:  Okay.  That's good.  Thank you.
23   Because one of the things I want to do, like we did
24   with the witness list, Mr. Lopez, before we get
25   into the arguments on the motion, is go through and

1    determine which of those exhibits you still intend

2    to offer and which ones you don't.  It may resolve

3    some of the disputes.  It sounds like it might

4    resolve at least a couple of them.

5         MR. LOPEZ-LOFTIS:  Yes, Your Honor.

6         JUDGE DUNCAN:  Let's do that now.  Let's go

7    through your proposed exhibit lists.

8         MR. LOPEZ-LOFTIS:  And you are absolutely

9    correct, Your Honor.  Generally speaking, I think

10   that only a few exhibits, two to be exact, that the

11   Secretary actually intends to introduce into

12   evidence that the Respondent has objected to, and

13   those are the Exhibit No. 11, which is the police

14   report.

15        JUDGE DUNCAN:  Okay.

16        MR. LOPEZ-LOFTIS:  And also the business record

17   affidavit to authenticate that police report.

18             With regards to the remaining --

19        JUDGE DUNCAN:  Do you have the business record

20   affidavit attached to this part of C-11?

21        MR. LOPEZ-LOFTIS:  That is correct.

22        JUDGE DUNCAN:  Okay.

23        MR. LOPEZ-LOFTIS:  And just for the record,

24   Your Honor, the business record affidavit is also

25   attached to Exhibits C -- excuse me -- C-12 and

1    C-13, which are the recorded interviews from the

2    deputy's interview with the employees on location

3    at the scene of the accident.

4         JUDGE DUNCAN:  All right.  And you started this

5    out by saying these are exhibits you still plan to

6    introduce or that you [overlapping speakers] --

7         MR. LOPEZ-LOFTIS:  That is correct.  And so

8    what I understand from Respondent's motion, the

9    remaining exhibits -- and they can feel free to

10   correct me if I'm wrong -- the remaining exhibits

11   that they have objected to which we do not intend

12   to introduce but mainly use as for impeachment

13   purposes, with a caveat of the issue with the two

14   witnesses that have not shown up today but which we

15   can address that, as well.  But we have Exhibit No.

16   8, 9 --

17        JUDGE DUNCAN:  Okay.  These are exhibits you're

18   not intending to offer into evidence?

19        MR. LOPEZ-LOFTIS:  That is correct, Your Honor.

20        JUDGE DUNCAN:  Okay.

21        MR. LOPEZ-LOFTIS:  Again, specifically in

22   speaking to Exhibit 8 and 9, which are the

23   deposition transcripts for Mr. James -- Johnny

24   Mullins and Michael Brown, which are the two

25   witnesses that are under subpoena that are not here

March 9, 2017

1    as of now still, these are some deposition

2    transcripts from their companion State court

3    litigation on some personal injury matters, which I

4    believe in one -- which I know in one of the cases

5    Basic Energy is a party to that litigation.

6              But in both of the depositions, both

7    Brown and Mullins are testifying to the events that

8    occurred on this -- on the day of this accident.

9              And then just to go through the

10   remaining exhibits --

11        JUDGE DUNCAN:  Let's start with Exhibit 1, and

12   let's kind of work through it that way.

13        MR. LOPEZ-LOFTIS:  Okay.

14        JUDGE DUNCAN:  Are you still planning to offer

15   Exhibit 1, C-1?

16        MR. LOPEZ-LOFTIS:  Yes, Your Honor.

17        JUDGE DUNCAN:  C-2?

18        MR. LOPEZ-LOFTIS:  Yes, Your Honor.

19        JUDGE DUNCAN:  C-3?

20        MR. LOPEZ-LOFTIS:  Yes, Your Honor.

21        JUDGE DUNCAN:  C-4?

22        MR. LOPEZ-LOFTIS:  Yes, Your Honor.

23        JUDGE DUNCAN:  C-5?

24        MR. LOPEZ-LOFTIS:  Yes, Your Honor.

25        JUDGE DUNCAN:  C-6?

March 9, 2017

```
 1          MR. LOPEZ-LOFTIS:  No, Your Honor.

 2          JUDGE DUNCAN:  All right.  So C-6 is withdrawn?

 3          MR. LOPEZ-LOFTIS:  Yes.

 4                  [Complainant's Exhibit No. C-6 was

 5                  withdrawn.]

 6          JUDGE DUNCAN:  C-7?

 7          MR. LOPEZ-LOFTIS:  That is withdrawn, as well.

 8          JUDGE DUNCAN:  You said withdrawn?

 9                  [Complainant's Exhibit No. C-7 was

10                  withdrawn.]

11          MR. LOPEZ-LOFTIS:  Yes.

12          JUDGE DUNCAN:  C-8 and -9 are withdraw, as you

13     already said.

14          MR. LOPEZ-LOFTIS:  They are withdrawn, with the

15     caveat of the witnesses up and testifying today.

16          JUDGE DUNCAN:  Okay.

17          MR. LOPEZ-LOFTIS:  So I would say I will

18     represent to the Court they're provisionally

19     withdrawn.

20          JUDGE DUNCAN:  All right.  C-10?

21          MR. LOPEZ-LOFTIS:  We intend to produce.

22     Introduce, excuse me.  Also, C-11.

23          JUDGE DUNCAN:  Okay.  C-12 and -13?

24          MR. LOPEZ-LOFTIS:  We do not intend to

25     introduce.
```

```
1          JUDGE DUNCAN:  C-14?

2     MR. LOPEZ-LOFTIS:  Withdrawn, Your Honor.

3     JUDGE DUNCAN:  C-15?

4     MR. LOPEZ-LOFTIS:  Withdrawn.

5     JUDGE DUNCAN:  C-16?

6     MR. LOPEZ-LOFTIS:  Withdrawn.

7               [Complainant's Exhibit No. C-12 - C-16

8               were withdrawn.]

9     JUDGE DUNCAN:  C-17?

10     MR. LOPEZ-LOFTIS:  We intend to introduce that

11 exhibit, Your Honor.

12     JUDGE DUNCAN:  C-18?

13     MR. LOPEZ-LOFTIS:  We also intend to introduce

14 that exhibit.

15     JUDGE DUNCAN:  Okay.  Let me go back to C-17,

16 because I asked you if the business record

17 affidavit was attached to C-11.

18               Is C-17 a separate business record

19 affidavit or did you just duplicate it?

20     MR. LOPEZ-LOFTIS:  It is a separate business

21 record affidavit, but it is the affidavit that is

22 attached to -- I guess, the way I understood your

23 question, it is the affidavit that is attached to

24 Exhibit 11, but it is marked as a separate exhibit

25 in itself.
```

1    JUDGE DUNCAN:  Okay.  And C-18?

2    MR. LOPEZ-LOFTIS:  We intend to introduce that

3    exhibit, Your Honor.

4    JUDGE DUNCAN:  And C-19?

5              [Complainant's Exhibit No. C-19 was

6              withdrawn.]

7    MR. LOPEZ-LOFTIS:  That is withdrawn, Your

8    Honor.

9    JUDGE DUNCAN:  All right.  Thank you.  Do you

10   have or have you already given a copy of the proof

11   of service documentation that you have to

12   Respondent's counsel?

13   MR. LOPEZ-LOFTIS:  I have not, Your Honor.

14   JUDGE DUNCAN:  Do you have extra copies of it?

15   MR. LOPEZ-LOFTIS:  I do have a -- a copy that I

16   am willing to turn over to the Respondent.  With

17   the second, I guess, proof of service is the email

18   confirmation with the proof of service actually en

19   route to our office.  I'm also willing to turn that

20   over, as well.

21   JUDGE DUNCAN:  Okay.  You do have an extra copy

22   of both of those?  If so, would you please give it

23   to Mr. McCrory or Mr. McCown.

24   MR. LOPEZ-LOFTIS:  Actually, Your Honor, this

25   is -- my proof of service is actually an original.

```
1          JUDGE DUNCAN:  Okay.

2          MR. LOPEZ-LOFTIS:  I'm willing to make copies

3     and have them turned -- and turned over to the

4     Respondents today, but as for sake of actually

5     showing them to the Respondents, I'm willing to

6     turn it over so they can review it right now.

7          JUDGE DUNCAN:  All right.  Let's do that, at

8     least.

9                    You haven't seen this yet before?  Mr.

10    McCrory, is that right?

11         MR. McCRORY:  No.

12         JUDGE DUNCAN:  Okay.  Mr. Lopez, are Mr.

13    Mullins and Mr. Brown still employed by the

14    Respondent currently as far as you know?

15         MR. LOPEZ-LOFTIS:  Based on information that

16    I've received, they are not still employed with

17    Basic Energy.

18         JUDGE DUNCAN:  Okay.  Mr. McCrory, do you know

19    whether or not they're still employed with Basic

20    Energy?

21         MR. McCRORY:  They are not employed.

22         JUDGE DUNCAN:  Okay.  Have you had a chance to

23    take a look at those proofs of service?  Do you

24    have any dispute as to the one that Mr. Lopez said

25    or any objection as emailed but the actual written
```

1    proof of service is on its way here?  In terms of

2    that not having actually been executed?

3          MR. McCOWN:  May I respond to that?

4          JUDGE DUNCAN:  Please.

5          MR. McCOWN:  I don't have any basis to -- to

6    dispute what he's representing to the Court

7    whatsoever.  I'm assuming that that's -- that's

8    what we're going to eventually be receiving.

9          JUDGE DUNCAN:  Okay.

10         MR. McCOWN:  But there's, you know, more of an

11    issue to that that we would reserve the right to

12    discuss when we --

13         JUDGE DUNCAN:  Let's talk about it now.  Go

14    ahead, Mr. McCown.

15         MR. McCOWN:  Okay.  The -- I've been faced with

16    this before and you probably have, too.  These

17    subpoenas are kind of interesting vehicles because

18    of the -- the lack of self-enforcement of the

19    subpoenas.

20              Both of these individuals are

21    represented by counsel, independent counsel, not --

22    not my law firm.  They have a lawsuit pending for

23    personal injuries and things like that.  Their

24    lawyer is advising them as to whether they should

25    be appearing or not, not Littler Mendelson since we

1    don't have anything to do with that anymore.

2              It's my understanding that if someone

3    is -- is not going to appear, that there are issues

4    that have to be resolved by filing an application

5    with the Review Commission to -- to start

6    proceedings to enforce.

7              In the past, the way I've seen that

8    handled -- I'm not saying that's right or wrong --

9    is that if you wait until the time of the hearing

10   to do it, then the only remedy for that is that

11   rather than keeping it open, which is unfair, I

12   think, to the Respondent, is to continue the case

13   until they get the -- the -- either the agreement

14   of them to appear or it goes through the process of

15   -- I believe what happens is that you have to write

16   something up and an application goes to Washington,

17   and then they issue a decision as to whether the

18   subpoena should be enforced.

19             And then they go to a court, a federal

20   court, which is -- we're sitting in Dallas, and I

21   understand these people are in East Texas outside

22   of the hundred mile subpoena range of a Dallas

23   federal court, so you have to go somewhere else and

24   get it enforced.

25             And that means that we're probably

1    looking at -- and I've never actually seen this go

2    to fruition, but it's going to take a lot to do it,

3    and that's why I'm very much against holding the

4    record open.

5              This is something that -- you know,

6    we've had this case pending for a number of months,

7    and it was postponed because of my oral argument at

8    the Fifth Circuit and then you moved it here.  So I

9    -- I think that these things should be taken care

10   of in advance.  I know that there were some

11   attempts to try to take some depositions, and that

12   didn't go through.

13             But there's this collateral litigation

14   that's pending, so -- and I may be a little bit

15   premature, but we do not agree to holding the

16   record open, and we think that these individuals

17   should've -- if they really wanted them here to

18   testify, they should have had this taken care of in

19   advance.

20       JUDGE DUNCAN:  Thank you.

21       MR. LOPEZ-LOFTIS:  May I respond, Your Honor?

22       JUDGE DUNCAN:  Please go ahead.

23       MR. LOPEZ-LOFTIS:  Your Honor, I represented to

24   the Court that the Secretary -- me working on

25   behalf of the Secretary has made ample efforts to

1    get these witnesses here today.  I have conferred

2    with their counsel in the State court litigation on

3    whether or not they would accept these subpoenas on

4    their behalf, which they declined.

5              And given that, we assumed the efforts

6    to actually get a process server to get these

7    witnesses served.  There was multiple attempts

8    made, and they were finally served, and we did not

9    find out that they would not show up to testify

10   here today, obviously, until we showed up to court

11   today.

12             I have not had a chance to talk with

13   these witnesses outside of the fact that -- to

14   figure out whether or not they were represented by

15   an attorney.  And so we have not had an

16   opportunity, a sufficient opportunity to get these

17   witnesses here today outside of what we did, which

18   we represented to the Court that we attempted to

19   exhaust every resource to get these witnesses here

20   today.

21        JUDGE DUNCAN:  Okay.  Thank you.  Before we

22   keep going with this, I see five people in the back

23   on kind of the Respondent's side of room.  It

24   doesn't mean they're affiliated with Respondents.

25   I want to make sure, other than Mr. Wild, none of

March 9, 2017

1    those are testifying witnesses, correct?

2        MR. McCRORY:  That is correct.

3        MR. LOPEZ-LOFTIS:  No.  No, Your Honor.

4        JUDGE DUNCAN:  Same thing with the folks behind

5    you?

6        MR. LOPEZ-LOFTIS:  That is correct, Your Honor.

7        JUDGE DUNCAN:  Okay.  Thank you.  All right.

8    So we have Mr. Mullins.  It's now 9:30.  We started

9    the trial a minute ago.  I'm sorry, Mr. Mullins and

10    Mr. Brown.

11            What I need you to do -- I want to

12    break as soon as possible -- is make a copy of the

13    service documentation that you do have, the

14    executed proof of service and the email from the

15    process server indicating that the person's been

16    served and that the actual original proof of

17    service is on its way, a copy for the Respondent

18    and then a copy to mark in this record.

19            So let's do that as soon as possible.

20    I know your office is closed.  Maybe you can have

21    somebody run over and copy it.  I don't think I

22    have a copy machine back here.  I was just here two

23    weeks ago and the same issue came up, and I don't

24    think there's one back there.  Otherwise, I'd just

25    do it for you.

1    MR. LOPEZ-LOFTIS:  Yes, Your Honor, that's no

2    problem.

3    MR. McCOWN:  I think there's a GSA office right

4    here on the corner.

5    JUDGE DUNCAN:  You can ask them.  I'm going to

6    put it on you.

7    MR. LOPEZ-LOFTIS:  Okay.

8    JUDGE DUNCAN:  Come up with two copies.

9    MR. McCOWN:  Well, they're supposed to be

10   working for us, so...

11   JUDGE DUNCAN:  They should be.  We're all

12   supposed to be.  All right.

13           So we're going to table the Mullins

14   subpoena and the Brown subpoena and their

15   nonappearance this morning.

16           Before you served them the subpoenas,

17   did you know they were represented by counsel in a

18   matter related to this case?

19   MR. LOPEZ-LOFTIS:  Before I served them with

20   the subpoenas?  Yes, Your Honor.

21   JUDGE DUNCAN:  Did you have any communication

22   with their attorneys?

23   MR. LOPEZ-LOFTIS:  I did, Your Honor.  As I

24   represented earlier, I actually conferred with the

25   counsel, and I have the email confirmation that I

March 9, 2017

1    can present to the Court of these communications

2    that I had whether or not they would actually

3    accept the subpoenas, for which they declined.

4        JUDGE DUNCAN:  Okay.  Any indication from them

5    about whether or not, if you did serve them

6    personally, they would appear this morning for this

7    trial?

8        MR. LOPEZ-LOFTIS:  Your Honor, after they

9    declined, we did have some brief dialog about that

10   specific issue, which I sent an email response, for

11   which I did not get a reply.  And so that was my

12   last line of communication with their attorneys.

13           And again, all this is via email,

14   which I can confirm if given that opportunity.

15       JUDGE DUNCAN:  Okay.

16       MR. McCOWN:  May I -- may I respond?

17       JUDGE DUNCAN:  Please.

18       MR. McCOWN:  This is a little additional

19   information for the record because this was before

20   the Solicitor's Office, I believe, was even

21   involved.

22           The Oklahoma Area Office, while the

23   inspection was still pending before the six months

24   lapsed, subpoenaed Mr. Mullins and Mr. Brown and

25   several other people, I believe.  And I can go back

1    through our files and bring this after lunch or

2    something.

3        JUDGE DUNCAN:  An administrative subpoena --

4        MR. McCOWN:  Administrative subpoena --

5        JUDGE DUNCAN:  -- as part of the investigation?

6        MR. McCOWN:  Yes.  They refused.  They were

7    represented by counsel at the time, and they

8    refused to appear.

9            And an enforcement action was actually

10    filed in the federal court in East Texas.  And the

11    enforcement action -- before there was a chance for

12    the judge to rule, because they were going to be

13    represented by counsel and they were going to be a

14    Respondent and everything, the citations were

15    issued because it came up to the last several days.

16    And so that mooted the enforcement action, and they

17    just dropped it.

18            So this has been going on for some

19    time.  The Area Director, they're based in Oklahoma

20    City, wanted their depositions.  And of course,

21    being in Oklahoma and the witnesses being in Texas,

22    it made it difficult.

23            So this is not the first attempt by

24    the Solicitor's Office.  It actually happened even

25    back at the end of the inspection before the action

1    -- and I can't tell you off the top of my head when

2    it was.  It's probably in the citation.  But this

3    was right at the end of the six-month period.  But

4    I can get you that information if it's important.

5         JUDGE DUNCAN:  Oh, that's important

6    information.  I mean, just that you've informed me

7    of that, and I appreciate it.

8                   Do you agree with all of that?  Is

9    that correct?  Have you heard of it?

10        MR. LOPEZ-LOFTIS:  I do, Your Honor.  Yeah, I

11   do, Your Honor.  From what I understand, while the

12   file was still with OSHA, they did have those, I

13   guess, attempts to get these guys served the

14   subpoenas for depositions.

15                  However, since I have gotten on the

16   case, I had my independent efforts that I've made

17   to, one, get -- get these guys deposed, and then

18   also get them served with the subpoenas to testify

19   here today.

20                  And so again I'll just reiterate, Your

21   Honor, it is -- you know, it is the Secretary's

22   position that we've made every effort to get Brown

23   and Mullins served and get them here to testify.

24                  Again, I've communicated with their

25   counsel, and I've conferred briefly with Respondent

1    on the issues kind of generally speaking.  And

2    again, we did not know whether or not they would

3    show up to testify until we showed up today here in

4    court.

5        JUDGE DUNCAN:  Okay.  But I am concerned.

6    Everything that Mr. McCown has said about the

7    description of the process of enforcing subpoenas

8    is accurate.

9            I don't enforce subpoenas.  My agency

10   doesn't enforce our subpoenas.  The way our

11   regulations and the statute is set up, that is

12   handed over to, really, the district court system

13   to enforce the subpoenas and for whoever has served

14   the subpoenas -- in this case, it happens to be the

15   government -- to pursue that, first with me, and

16   then I go up the chain through our national office.

17           And then like Mr. McCown says, it is

18   rare for these to actually come to fruition, and I

19   have no reason to be dishonest with you:  I have

20   not had one go that far.

21           And then my understanding is, once

22   there's a federal court action initiated to enforce

23   the subpoenas to testify within an OSHRC

24   proceeding, y'all continue to pursue that.

25       MR. LOPEZ-LOFTIS:  That is correct, Your Honor.

1    And it's not --

2        JUDGE DUNCAN:  And then we would reconvene.

3    One possibility is reconvene for a continuation of

4    the trial.  Another possibility is that I order

5    that a trial deposition be conducted, and then

6    you'd submit the portions of that trial deposition.

7    My inclination would definitely be to reconvene

8    once the District Court orders those two

9    individuals to appear.

10            It's one thing -- because I've had

11   this happen in practice and I understand -- it's

12   one thing to be surprised by the fact that someone

13   hasn't appeared when they've been subpoenaed

14   because there's no indication that they wouldn't

15   have appeared.  You executed the proper service.

16            But what Mr. McCown is saying concerns

17   me because you tried to do this a year ago?  Six

18   months ago?  Something like that.  Through an

19   administrative subpoena for an OSHA investigative

20   interview, and they didn't show up at that time.

21            Why was the federal action in District

22   Court not pursued to make them show up back when

23   the investigation was going on?  That's my first

24   question.  And the second question is:  If you knew

25   there'd be a problem, why haven't you alerted me

1    about this before now?

2        MR. LOPEZ-LOFTIS:  Well, Your Honor, I cannot

3    speak exactly to what happened on the

4    administrative level.  We have our OSHA rep here

5    that may be able to shed some light on that.  I can

6    confer with him on that briefly and make

7    representations to the Court.

8                    But as I outlined in my response to

9    the Respondent's motion, I got on this case --

10       JUDGE DUNCAN:  Well, I'm not sure the motions

11   and the responses have anything to do with the

12   witnesses not showing up this morning, do they?

13       MR. LOPEZ-LOFTIS:  No, they do not --

14       JUDGE DUNCAN:  So the --

15       MR. LOPEZ-LOFTIS:  -- but they have made some

16   objections to some of the witnesses, and that's why

17   I was tying that in.

18       JUDGE DUNCAN:  Okay.

19       MR. LOPEZ-LOFTIS:  But your point is noted,

20   Your Honor.  But in terms of what I have done since

21   I've got on this case, again I represent to the

22   Court that I've made every effort to get these guys

23   subpoenaed.

24                    And I also represent to the Court that

25   I was somewhat blindsided because the deposition

1    transcripts that we received we actually -- they

2    were provided by their counsel.  I conferred with

3    their counsel.  And initially he was very

4    responsive, seemed like he was onboard.  But when

5    it came to --

6         JUDGE DUNCAN:  Same attorney represents both

7    men?

8         MR. LOPEZ-LOFTIS:  The same attorney, yes.

9         JUDGE DUNCAN:  Okay.

10         MR. LOPEZ-LOFTIS:  And I guess this is -- this

11    is another point where the motion kind of ties in,

12    because that was addressed in their motion.

13              I did have some communication with

14    these -- this attorney for Brian Mullins in which

15    he was very cooperative and provided deposition

16    transcripts from their state court litigation,

17    which is how we were able to get these -- these

18    documents that we have proposed as exhibits.

19              And -- and again, the -- I was

20    somewhat blindsided by the fact that he would not

21    accept these subpoenas.  And then at that point,

22    that's when we took the efforts to go ahead and get

23    a process server, which again, out of an abundance

24    of caution, I believe the rules only require

25    someone over the age of 18.  But I took the efforts

1  to actually get a -- a professional, licensed

2  process server to get both Brown and Mullins served

3  and get them here today.

4            Again, I had ample communications with

5  that attorney.  It seemed like he was onboard.  But

6  at some point, his cooperativeness kind of flipped

7  on me, and that's why we're here today.

8      JUDGE DUNCAN:  Okay.  All right.  Well, like I

9  said or started to say 15 minutes ago, we're going

10  to table this issue.  It doesn't look like Mr.

11  Mullins and Mr. Brown are going to be here.

12            You're going to make copies of the

13  proof of service information that you have, both

14  for Respondent and for myself.

15            And then, really, I think, you know,

16  before the end of the trial, it's really incumbent

17  upon you as to whether you want to make a motion to

18  enforce those subpoenas.

19            But for now, we're going to set those

20  two witnesses aside.  We're going to go forward

21  with the other issues.

22            All right?

23      MR. LOPEZ-LOFTIS:  Okay.

24      JUDGE DUNCAN:  Thank you.

25      MR. LOPEZ-LOFTIS:  Thank you, Your Honor.

1    JUDGE DUNCAN:  Anything else from Respondent

2   before we move on from that topic?

3    MR. McCRORY:  Nothing else, Your Honor.

4   Thank you.

5    JUDGE DUNCAN:  Okay.  Now let's get into the

6   motions, and let's see if the withdrawal of some of

7   these exhibits and the issue on the witnesses has

8   changed anything.

9          I still show that the government is

10   going forward with their exhibit list, which

11   contains now C-1 through C-5 intending to be

12   introduced, C-10 and C-11 and C-17 and C-18.

13          Do I have that correct, Mr. Lopez?

14    MR. LOPEZ-LOFTIS:  That is correct, Your Honor.

15    JUDGE DUNCAN:  Okay.  With those exhibits

16   remaining as proposed, government exhibits, either

17   Mr. McCown or Mr. McCrory, do you still maintain

18   your objections to those exhibits in your motion?

19    MR. McCRORY:  Yes, Your Honor, we maintain our

20   objections to everything that wasn't produced to us

21   during discovery.

22    JUDGE DUNCAN:  Okay.  Give me a summary again

23   as to why you believe those exhibits should not be

24   allowed to even be offered to be introduced.

25    MR. McCRORY:  I think it would be most

1  productive if I address each exhibit piece by

2  piece.

3       JUDGE DUNCAN:  Okay.

4       MR. McCRORY:  So my understanding is, and

5  please correct me if I'm wrong, that C-1 through

6  C-5 are still being offered, but they were produced

7  during discovery, so we do not have that objection.

8  We reserve others if -- if -- for later.  But they

9  were produced during discovery.

10           Six and seven have been withdrawn.

11      JUDGE DUNCAN:  Well, let's -- let's -- let's do

12  what you proposed.  Let's take them item by item.

13  You don't have an argument as to C-1 through C-5 in

14  terms of disclosure during discovery?

15      MR. McCRORY:  That's correct.  That's out.

16      JUDGE DUNCAN:  Timeliness is your objection?

17      MR. McCRORY:  That is correct.  Yes, we --

18      JUDGE DUNCAN:  Any other objections on C-1

19  through C-5?

20      MR. McCRORY:  No other -- at this point, no

21  other objections.

22      JUDGE DUNCAN:  Okay.  Sorry, I'm just trying to

23  keep this all together.  Y'all made a lot of

24  arguments and responses, and I'm trying to narrow

25  this down and see what's still in dispute and see

1    what's not, so I appreciate you working with me.

2              So C-1 through C-5, you're maintaining

3    the motion as to the timeliness of their production

4    and then part of their pretrial disclosure?

5        MR. McCRORY:  That is correct.

6        JUDGE DUNCAN:  Okay.  Thank you.  And C-10?

7        MR. McCRORY:  Yeah.  So C-6 and C-7 were

8    withdrawn.  Our understanding is also C-8 and C-9

9    are withdrawn.  C-10 was produced to us during

10   discovery.  We would only have a timeliness

11   objection as it relates to when the exhibits were

12   served in relation to the pretrial statement.

13       JUDGE DUNCAN:  Okay.

14       MR. McCRORY:  C-11 was not produced to

15   Respondent during discovery.  Respondent also has

16   the timeliness objection.

17             And C-12 and C-13 -- just so -- they

18   were withdrawn by the Secretary, so I will move on

19   C-13 and C-14.

20       MR. McCOWN:  Those were also withdrawn.

21       MR. McCRORY:  Were those also withdrawn?

22       MR. LOPEZ-LOFTIS:  Yes, that's correct.

23       MR. McCRORY:  And 15 and 16 were withdrawn, and

24   so we have no further objection.

25             C-17, the business record affidavit,

1   we still preserve our timeliness objection because

2   we did not receive that 10 days before trial.

3        JUDGE DUNCAN:  Okay.

4        MR. McCRORY:  And then it's also Respondent's

5   understanding that C -- there's no objection to

6   C-18, and C-19 has been withdrawn.

7        JUDGE DUNCAN:  No objection to C-18?

8        MR. McCRORY:  That's correct.  It was -- it's

9   something that we produced and was also produced to

10  us during discovery.

11       JUDGE DUNCAN:  Okay.  And I want to clarify,

12  too, to make sure we're on the same page.

13  Normally, what I would do at the beginning of a

14  trial is I'd walk through, if we didn't have these

15  pending motion and responses, walk through each

16  exhibit and find out which exhibits we could

17  stipulate to their admissibility.  Not in terms of

18  any weight or any reference, but just so that we

19  don't have to go through laying the foundation to

20  get them admitted.

21            And typically someone will indicate

22  there's no objection to C-18 being admitted, and I

23  would say C-18, then, is admitted, and leave it to

24  y'all to talk about it with the witnesses.

25            When you say no objection to C-18, do

1　you mean you're not maintaining your motion to

2　strike it, basically, as a sanction or do you also

3　mean that you'll stipulate to its admissibility?

4　　　MR. McCRORY:  So you're correct.  There's two

5　parts there.  We still maintain our motion that we

6　received untimely.  But as far as admissibility

7　goes, if it is going to come in, we have no

8　objections.

9　　　JUDGE DUNCAN:  Okay.  Well --

10　　　MR. McCRORY:  It's actually on our witness --

11　on our exhibit list, as well, so --

12　　　JUDGE DUNCAN:  Okay.  All right.  Well, C-18,

13　you said no objection.  So C-18, there's no dispute

14　with C-18?

15　　　MR. McCRORY:  That's correct.

16　　　JUDGE DUNCAN:  Okay.  Thank you.

17　　　MR. McCRORY:  There -- may I mention one thing?

18　　　JUDGE DUNCAN:  Please.

19　　　MR. McCRORY:  And I -- I have not had a chance

20　to look at the Secretary's binder that was placed

21　on our table of exhibits, but when C-18 was

22　originally produced to us, it was over 800 pages,

23　so I don't know if it -- if it's been cut down or

24　what happened.

25　　　JUDGE DUNCAN:  Mr. Lopez?

1      MR. LOPEZ-LOFTIS:  Yes, Your Honor.  We --

2  we've culled the Exhibit 18 down there to just

3  specifically the safety manual.  And I believe the

4  safety manual was, as Respondent represented, it

5  was the first 70 -- roughly 72 or 75 pages of this

6  800-page document.  So we culled that down just to

7  those 70-something pages, which includes the safety

8  manual for Basic Energy.

9      MR. McCRORY:  Since there was that confusion,

10  it may be helpful if we go off of Respondent's

11  exhibit.  Respondent Exhibit 1 is the same

12  document.  It's the first 72 pages of the safety

13  manual.  I have not had a chance -- I was never --

14  I never received this version of his own binder and

15  haven't had a chance to review to see if it's

16  different from what was provided as part of the

17  pretrial statement.

18      JUDGE DUNCAN:  Well, you had it before today?

19      MR. McCRORY:  I did.

20      JUDGE DUNCAN:  You had it -- well, actually,

21  let's get into it as the next thing.  Timeliness is

22  the objection that you have that you're maintaining

23  from your motion with regard to, basically, C-1

24  through C-5, and then C-10, C-11 and C-17.  That

25  runs through as a common theme pursued still in

1    your motion for all of this.

2              So let's ask the question:  When did

3    you receive those exhibits from the government?

4        MR. McCRORY:  I received them on March 1st.

5        JUDGE DUNCAN:  All of those?

6        MR. McCRORY:  All of those.  I did not receive

7    6 and 7.  I found out later that they were not

8    going to be produced.

9        JUDGE DUNCAN:  Yeah.  Okay.  So I'm kind of

10   focusing in now on the window of the ones that you

11   -- you -- that are still being offered.

12             So C-1 through C-5, C-10, C-11 and

13   C-17, Respondent received copies of those proposed

14   trial exhibits on March 1st?

15       MR. McCRORY:  Respondent did.

16       JUDGE DUNCAN:  They were due on February 27th.

17             Mr. Lopez, why did they not receive

18   them until March 1st?

19       MR. LOPEZ-LOFTIS:  Your Honor, as I outlined in

20   the motion and attached exhibits, too, what I at

21   least attempted to do was I attached all these

22   exhibits to a zip file, and emailed them to the

23   Respondent.

24       JUDGE DUNCAN:  On?

25       MR. LOPEZ-LOFTIS:  On the 27th at around 4 --

March 9, 2017

1                    [Pause to search for time sent.]

2        JUDGE DUNCAN:  That's all right.  I read that

3    in the -- in your response.

4        MR. LOPEZ-LOFTIS:  Yes, and so --

5        JUDGE DUNCAN:  I don't need the time.

6        MR. LOPEZ-LOFTIS:  So it is Exhibit E to my

7    response.  With the email confirmation with --

8    showing the trial exhibits attached as a zip file,

9    along with the prehearing statement.  A courtesy

10   copy of it was emailed to the Respondent on the

11   27th, which was the deadline, at 4:45 p.m.

12                  And then I -- I received at around 8

13   -- nearly 9 a.m. -- 9 p.m. that same evening a

14   rejection saying that it did not go through.

15                  And I -- once I saw it -- I'm an early

16   riser, Your Honor, and so on the email that I sent

17   following up with the Respondent on this particular

18   issue was at 4:47 a.m. on that next morning, once I

19   actually saw the rejection in my email inbox.

20                  So I promptly sent them an email to

21   let them know the issue.  And I wanted to confirm

22   whether or not it actually went through or not, and

23   then I also indicated -- which I did because I was

24   going to drop them on a CD and overnight them to

25   the Respondent.  And that's exactly what I did the

1    following day.

2                And according to the confirmation that

3    I -- that I also attached as an exhibit, as they

4    represented, it was delivered on the 1st.

5        JUDGE DUNCAN:  All right.  Thank you.

6                What about with regard to Exhibit

7    C-11, the police report, as you've described it on

8    your exhibit list, not being produced in discovery?

9        MR. LOPEZ-LOFTIS:  Yes, Your Honor.  With that

10   exhibit -- and -- and again, this was -- the

11   discovery on that particular -- with this --

12   pertaining to this particular question was, I

13   guess, produced and responded to well before I got

14   on this case.

15               And from what I understand, this

16   document was withheld under the government

17   informant's privilege, which is what I assume,

18   under the understanding that these employees,

19   Mullins, Brown, were still employed with Basic

20   Energy.

21               And based off what was produced during

22   that discovery that I reviewed, I understood that

23   that document was initially withheld under that

24   privilege.

25               Again, Your Honor, I got on this case

1    maybe about three or four weeks ago.  And once I

2    reviewed the file and saw what was done or not

3    done, I attempted to go ahead and pursue the case

4    and work it up in preparation for the trial.

5              And so as I represented in my motion,

6    all efforts that I've taken since I've got on this

7    case have been made in good faith.  They have not

8    been made in an attempt to prejudice the Respondent

9    or to create some type of unfair advantage.

10              These documents, I saw them, once I

11    started to review the file, and I turned these

12    documents over pursuant to Rule 26 as supplemental

13    responses when I was attempting to turn them over

14    --

15    JUDGE DUNCAN:  So let me stop you there,

16    because the timeline on these things is -- is --

17    that facts of all this I'm trying to keep straight.

18              So the police report was originally by

19    another attorney withheld on the basis of

20    deliberative process privilege?

21    MR. LOPEZ-LOFTIS:  Not deliberative process.

22    Government informant.

23    JUDGE DUNCAN:  Government informants?

24    MR. LOPEZ-LOFTIS:  So this -- we were talking

25    about the police --

```
 1          JUDGE DUNCAN:  Let -- let me -- let me stop
 2    this.  I just want to ask a couple of questions.
 3    Sorry to interrupt.
 4          MR. LOPEZ-LOFTIS:  Yes, Your Honor.
 5          JUDGE DUNCAN:  The government informant's
 6    privilege was applied, and that's the only basis on
 7    which it was withheld?
 8          MR. LOPEZ-LOFTIS:  That's my understanding,
 9    Your Honor.
10          JUDGE DUNCAN:  Is the police report something
11    that's available?  I can go down to whatever police
12    department that is and ask for a copy of that
13    policy report?
14          MR. LOPEZ-LOFTIS:  That is correct.
15          JUDGE DUNCAN:  Okay.
16          MR. LOPEZ-LOFTIS:  With the Woods County
17    Sheriff's Office.
18          JUDGE DUNCAN:  And then you came into the case,
19    and I understand you said you just came in a month
20    ago, or I can't remember how long, about a month
21    ago, I think.  The police report was then
22    disclosed?  Or was the first time that you provided
23    it to the other side in the pretrial statement?
24          MR. LOPEZ-LOFTIS:  The first time I provided it
25    was in the pretrial.
```

1      JUDGE DUNCAN:  Okay.

2      MR. LOPEZ-LOFTIS:  And -- and another, I guess,

3  ancillary point or issue with that -- and from what

4  I understand from the Respondent's motion is that

5  they are objecting to the timeliness on the basis

6  that it prejudiced their case.

7              But in my review and preparation for

8  this trial, I actually noticed that in the

9  deposition transcripts of Johnny Mullins, which

10  they were present, Respondent was, and they are a

11  party to that litigation.  This particular police

12  report they objected to was discussed at length in

13  that deposition.

14              And also from what I understand from

15  reading the deposition transcript, that the

16  Respondent actually provided that document to the

17  plaintiffs in that state court litigation.

18              And so -- and again, I preface that as

19  an ancillary issue, but I -- I -- I -- I represent

20  that to the Court just to note that just in my

21  review, if they're claiming that they're prejudiced

22  by not receiving this document from the Solicitor,

23  they had this document in their possession based on

24  what I reviewed from the deposition transcripts,

25  and I have specific cites to the -- that deposition

1  transcript where they discussed this document, if

2  the Court would -- would like to see that, Your

3  Honor.

4      JUDGE DUNCAN:  Well, the deposition transcripts

5  are part of what's been withdrawn as you planning

6  to offer into evidence, right?

7      MR. LOPEZ-LOFTIS:  Well --

8      JUDGE DUNCAN:  Well, just answer that question

9  first.

10     MR. LOPEZ-LOFTIS:  Provisionally, Your Honor,

11  what I represented earlier was we were going to

12  provisionally withdraw those two deposition

13  transcripts on the basis of the two witnesses

14  showing up to testify.

15     JUDGE DUNCAN:  Now --

16     MR. LOPEZ-LOFTIS:  If they showed up -- and so

17  theoretically speaking, Your Honor, if they showed

18  up to testify today, we -- we did not intend to

19  introduce those two exhibits, the transcripts.

20          We were only intending to use those as

21  -- for impeachment purposes because we have not had

22  a chance to meet with these witnesses.  We've only

23  reviewed the documents that have been contained in

24  the file and noted some of the statements that

25  they've made, which is why they were subpoenaed

1  here today.

2          Now, if they do not show up to

3  testify, which it does not look like they are, then

4  we would at least attempt to offer them into

5  evidence under one of the exceptions to -- of the

6  hearsay rule --

7          JUDGE DUNCAN:  Unavailability.

8          MR. LOPEZ-LOFTIS:  -- and/or -- yes.

9          JUDGE DUNCAN:  And I wouldn't grant that even

10  if you moved on it.  We're going to deal with their

11  nonappearance here --

12          MR. LOPEZ-LOFTIS:  Okay.

13          JUDGE DUNCAN:  -- it sounds like -- if you move

14  for that, which you haven't yet -- the enforcement

15  of those subpoenas.  So I'm going to set that aside

16  still for a minute.

17          MR. LOPEZ-LOFTIS:  Yes, Your Honor.

18          JUDGE DUNCAN:  But I appreciate the

19  explanation.

20          Mr. McCrory represented in the motion,

21  or maybe the reply, that they weren't parties to

22  that civil litigation; is that right?

23          [Overlapping speakers.]

24          JUDGE DUNCAN:  Go ahead.

25          MR. McCRORY:  So we are parties to the Harris

1    County litigation.  We are not parties to the case

2    that I cited.

3         JUDGE DUNCAN:  Okay.

4         MR. McCRORY:  And which is a -- in Tarrant

5    County.

6         JUDGE DUNCAN:  Okay.

7         MR. HURT:  I think just for clarity purposes,

8    Your Honor, I think there's two pending state court

9    litigation cases, and so as Mr. McCrory said.

10        JUDGE DUNCAN:  What are the two?  What are the

11   difference between the two?

12        MR. McCRORY:  Well, I'm no expert in all of the

13   facts of what's going on.

14        JUDGE DUNCAN:  Just -- just give me a summary

15   of it.

16        MR. McCRORY:  But one case is against the -- I

17   believe basically the manufacturer, and then the

18   other is a lawsuit against all the service

19   providers and that were present onsite at the

20   incident.

21        JUDGE DUNCAN:  And the second one is the one

22   you are a party to?

23        MR. McCRORY:  That's correct.

24        JUDGE DUNCAN:  And the first one you're not?

25        MR. McCRORY:  That's correct.

1      JUDGE DUNCAN:  Okay.  So you're arguing that

2  they were aware the police report existed as the

3  result of a subpoena [sic] taken in the case that

4  they are a party to?

5      MR. LOPEZ-LOFTIS:  Yes, Your Honor.  And I'm

6  not sure if it was by subpoena, but I know, based

7  on our review of a deposition transcript, they were

8  produced by Basic in that case and they were

9  present during that particular deposition.  And I

10  believe it's Johnny Mullins' deposition that I'm

11  referring to.

12      MR. McCOWN:  Your Honor, may I speak to that?

13  I -- I -- it is very clear from our motion that it

14  really doesn't matter whether we were aware of the

15  police report or not.  What matters is how we

16  prepared for this case and what we know the

17  Secretary is using as evidence against Respondent.

18              And in that, you know, we don't see

19  the police report until eight days before trial.

20  That's different than being aware of its existence.

21  We had to prepare for this case.  We needed to know

22  what evidence the Secretary has against the

23  Respondent and be able to conduct discovery on

24  that.

25              As far as the Complainant's claim that

1    it was withheld due to the government informer's

2    privilege, I question that because Mullins and

3    Brown are both disclosed in Complainant Exhibit 3.

4    It's not that their identities were trying to be

5    protected from Respondent's knowledge, and

6    specifically in reference to the police report.

7         JUDGE DUNCAN:  Thank you.

8         MR. LOPEZ-LOFTIS:  May I please respond, Your

9    Honor?

10        JUDGE DUNCAN:  Last time, then I'm going to --

11   I think I know where I'm going, but I'll give you

12   one more time, Mr. Lopez.

13        MR. LOPEZ-LOFTIS:  Yes, Your Honor.  Just to

14   kind of briefly respond to what he said.

15             The way I understand the government

16   informant's privilege, and again I qualify this

17   statement that, you know, this action was taken

18   before I got on this case.  But the way I

19   understood -- the way I understand the government

20   informant's privilege is that it's supposed to

21   protect the informant's identity as to any

22   statements that they've made against the interest

23   of the Respondent in this case, not necessarily

24   their identity as a whole.

25             And again, once I got on this case, I

1  worked it up, and I learned in the process of these

2  past four weeks of me preparing for trial that

3  these witnesses were no longer employees of Basic,

4  which is why I went ahead and turned them over in

5  preparation for today's trial.

6      JUDGE DUNCAN:  Okay.  Thank you.  All right.

7  Well, I appreciate all the explanation and all the

8  arguments by both sides on this issue.

9          Like I said, I read everything that

10  you filed, the motion, the supplemental motion, the

11  response and the reply to the motions.  But I also

12  want to supplement that with some discussion here

13  this morning.

14          And I appreciate the fact that we have

15  cut through some of the issues by the government

16  going back over their exhibit list and simply

17  choosing to not offer certain exhibits.  For

18  whatever reason, it has resolved some of the issues

19  in the motion.

20          So as I understand it now, we have C-1

21  through C-5, C-10, C-11, and C-17 being the

22  remaining exhibits in the government's proposed

23  exhibit list that they will offer in this trial.

24      MR. LOPEZ-LOFTIS:  Your Honor --

25      JUDGE DUNCAN:  Respondent -- go ahead.

```
 1          MR. LOPEZ-LOFTIS:  I believe it's also 18, as

 2    well.

 3          JUDGE DUNCAN:  Oh, C-18?  I'm sorry.  Thank

 4    you.  C-18 is the one that the Respondent doesn't

 5    have an objection to.  That's why it was left off

 6    my list.

 7          MR. LOPEZ-LOFTIS:  Okay.

 8          JUDGE DUNCAN:  So you're right.  Thank you.

 9    But in talking about this motion and trying to

10    resolve this motion so we can move forward with the

11    trial, Respondent has a timeliness objection, as

12    we've talked about, to all of those exhibits that

13    are in dispute.

14                    In addition, they've got another

15    objection pursuant in the motion on C-11, the

16    police report, as we've talked about for not being

17    produced in discovery.

18                    Do you have any disagreement, Mr.

19    Lopez, that C-11, the police report, was responsive

20    to one of Respondent's discovery requests?

21                    You don't dispute that, do you?

22          MR. LOPEZ-LOFTIS:  To be quite candid, Your

23    Honor, I have not reviewed the responses in

24    sufficient detail to make a representation of

25    whether or not that is --
```

1      JUDGE DUNCAN:  All right.  Well, let me tie up

2    that loose end.

3              Mr. McCrory, which discovery request

4    would the police report have been responsive to?

5      MR. McCRORY:  It would have been responsive to

6    Request No. 6.  Also No. 5.

7      JUDGE DUNCAN:  Could you tell me what those ask

8    for?

9      MR. McCRORY:  Oh, I'm sorry.  No. 6 asks for

10   all affidavits, taped records, videotapes or

11   written statements taken from Respondent's

12   employees.  Make a claim of informer's privilege as

13   may produce said statements with necessary

14   deletions to protect the identities of the

15   informers for Inspection No. 1084476.

16              And I made a -- I misspoke when I said

17   5.  I just meant No. 6.

18     JUDGE DUNCAN:  And how would the police report

19   have been responsive to your request for statements

20   from Respondent's employees?

21     MR. McCRORY:  The police report and the -- it

22   contains statements from Respondent's employees,

23   but it also has C-12 and C-13 are statements from

24   one of Respondent's employees, Mr. Mullins.

25     JUDGE DUNCAN:  Okay.  Mr. Lopez?

1    MR. LOPEZ-LOFTIS:  I'm not sure I understood

2    the last comment that Respondent made with regards

3    to your question, Your Honor.

4    JUDGE DUNCAN:  Well, I mean, you know, at some

5    point we're going to start this trial, so I'm

6    trying to cut through this.

7             The police report contained statements

8    from employees of Respondent at the time that's

9    related to this accident.

10    MR. LOPEZ-LOFTIS:  That is correct, Your Honor.

11    JUDGE DUNCAN:  So because the police report

12    contained statements that I assume the police took

13    from employees, then it would be responsive to, I

14    think he said, Request No. 6, which asks for any

15    statements taken from Respondent's employees.

16             The police report was publicly

17    available, so had the government informer's

18    privilege not been asserted, and it doesn't sound

19    like it was appropriately asserted, anybody could

20    have walked down to that county police station and

21    said I'd like a copy of that police report.

22             So those statements, at least, given

23    to police and included in that police report don't

24    seem to me, although I'm not really ruling on a

25    discovery issue, as if they would have been

March 9, 2017

1    protected by that privilege.

2                    So one argument is that you -- once

3    you got in on this case, could have made that

4    assessment and produced that and supplemented with

5    it.

6                    How long have you been on the case,

7    I'm sorry?

8         MR. LOPEZ-LOFTIS:  About --

9         JUDGE DUNCAN:  Four weeks?  Five weeks?

10        MR. LOPEZ-LOFTIS:  Yes, about four weeks, Your

11   Honor.

12        JUDGE DUNCAN:  Okay.  At that time.  It didn't

13   happen, and I'm not faulting you, because I

14   understand you step in and you learn things as you

15   learn them when you're new on a case.

16                    But we're in trial.  There's an issue.

17   There's a motion.  You know, arguing the timing and

18   the lack of production of that, which didn't happen

19   until the pretrial statement was made, and even

20   that was late.

21                    So because the police report is

22   relevant -- and I also agree with Mr. McCrory:

23   This litigation is not the Harris County litigation

24   or the other litigation related to the manufacturer

25   of the beam, I think you said.  This litigation is

1    this litigation.

2              When someone requests discovery in

3    this litigation, they're entitled to the

4    information and the witnesses that you intend on

5    relying on or that provide information about the

6    case in this litigation.

7              You, likewise, you're entitled to that

8    information from the Respondent.

9              So in terms of C-11, on the basis that

10   it wasn't disclosed in discovery, on the basis that

11   I don't think that a government informer probably

12   was correctly asserted to begin with, on the basis

13   that it wasn't supplemented once you came into the

14   case, on the basis that it wasn't produced until

15   March 1st, which was two days late.

16             Anyway, although that's really not my

17   primary motivation, but for all the reasons

18   discussed here, C-11 is going to be stricken and

19   the motion is going to be granted as to Exhibit

20   C-11.

21             [Complainant's Exhibit No. C-11 was

22             stricken.]

23   JUDGE DUNCAN:  With regard to the timeliness

24   objection on C-1 through -5, C-10 and C-17, you

25   know, I note the facts in the motion and the fact

1    that y'all have gone over today, and Mr. Lopez

2    didn't make a good faith attempt to electronically

3    provide you with a copy of all of those exhibits on

4    February 27th, which is the day that they were due.

5             I also note that this is a case in

6    which the parties have agreed to electronically

7    file and serve one another, you know, using that

8    method.

9             I also note Mr. Lopez, and there

10    doesn't seem to be any dispute, that when he

11    discovered that early the next morning, he made an

12    immediate attempt to try to correct that problem.

13    You know, I would recommend if you try to do

14    something a little more expeditious next time,

15    especially since I believe both lawyers are here in

16    Dallas.

17             A personal walk over to the office to

18    give them that, once you realized your chosen

19    method of serving the pretrial statement failed,

20    might have been a better choice than to scan it

21    onto a disk, FedEx it overnight for somebody, when

22    really it's just a few blocks away, which caused

23    another day in delay.

24             But you did get the exhibits on March

25    1st, two days late.  I acknowledge that, and I

1    think Mr. Lopez acknowledges that.

2              But I'm taking his efforts in those

3    two days to try to get them to you into account.  I

4    don't think you're prejudiced by getting those on

5    March 2nd [sic].

6              I think most of the exhibits you've

7    objected to in your motion have been withdrawn.

8    These are the ones that we have left.

9              Anyway, your timeliness objections as

10   to Exhibit C-1 through C-5, C-10, C-11 and C-17 in

11   your motion are going to be denied.  So to that

12   extent, the motion is not granted.

13             Does everybody understand the ruling?

14   C-11, the motion is granted.  C-11 will not be

15   introduced into evidence.

16             C-1 through -5, C-10 and C-17, the

17   motion is denied.

18             Everybody on the same page?

19        MR. LOPEZ-LOFTIS:  Yes, Your Honor.  I

20   understand the Court's ruling on that, but just

21   some clarification questions.

22             If a witness testifies to maybe some

23   observations observed based off their review of

24   their police report, can they go into that?

25        JUDGE DUNCAN:  Well, I'm going to leave that to

1    Mr. McCrory and Mr. McCown as to whether they

2    object, and we'll deal with it at that time.

3        MR. LOPEZ-LOFTIS:  Okay.

4        JUDGE DUNCAN:  All right.  Before we keep

5    going, and I know we're delaying this thing.  We've

6    had a lot of issues to get through.

7                Are there any other issues or

8    questions about my rulings that you want to make

9    before we move forward from Respondent?

10        MR. McCOWN:  May I -- may I address one, Judge?

11        JUDGE DUNCAN:  Please.

12        MR. McCOWN:  C-17 is a business record that

13    relates to C-11, C-12 and C-13.  Is that

14    superfluous now, given your rulings?

15        JUDGE DUNCAN:  Well, it relates to -- well,

16    that's a good point.  C-11 is stricken.  C-12 and

17    -13 are withdrawn.

18                Mr. Lopez, do you agree with that?

19    The business record --

20        MR. LOPEZ-LOFTIS:  I do, Your Honor.  I agree

21    with that.

22        JUDGE DUNCAN:  Okay.  And these are all going

23    to remain -- well, we actually need to address

24    that.  Because you withdrew certain exhibits and

25    told me at the beginning of the trial you do not

1  plan to offer them into evidence, I would have them

2  taken out of the exhibit notebooks.  They would not

3  be part of this record because they were never

4  offered, they were never objected to, they were

5  never rejected.

6            So C-11, which we've talked about now,

7  that will remain in the record as a rejected

8  exhibit as a sanction by granting the motion.  All

9  right?  I'm just trying to make sure everybody's on

10  the same page.

11            But all of the other exhibits that as

12  you went through you said are withdrawn, are not

13  marked, are not part of the record, would not be

14  there for appeal.  I want to make sure you

15  understand that.

16       MR. LOPEZ-LOFTIS:  I understand, Your Honor.

17       JUDGE DUNCAN:  Okay.  So C-12 and -13, which

18  Mr. McCown just asked about, for the purposes of

19  this trial don't exist.

20            All right?  Do you understand?

21       MR. LOPEZ-LOFTIS:  I understand.

22       JUDGE DUNCAN:  Okay.  So Mr. McCown's question

23  is a good one.  C-11 is not going to be admitted.

24            Do we need C-17 anymore, because all

25  of the exhibits that that relates to are not in

1    this record.

2                    Do you understand my question?

3        MR. LOPEZ-LOFTIS:  I understand, Your Honor,

4    and I agree with that.  I have no objection.

5        JUDGE DUNCAN:  So is C-17 going to be

6    withdrawn?

7        MR. LOPEZ-LOFTIS:  Yes.  We'll -- we'll -- we

8    will withdraw it, Your Honor, given the Court's

9    ruling.

10        JUDGE DUNCAN:  All right.

11        MR. LOPEZ-LOFTIS:  But --

12        JUDGE DUNCAN:  I'll keep C-11 in the record

13    just for the purposes of any appeal that might

14    happen after this case is over because we've spent

15    so much time talking about it.  But my

16    understanding from you is C-17 is withdrawn,

17    correct?

18        MR. LOPEZ-LOFTIS:  Okay.  Given what the Court

19    just indicated, could it -- is it possible that 17

20    would also be kept in the record just for appeal

21    purposes, because it is attached to C-11, which you

22    indicated will be included in just for appeal

23    purposes.

24        JUDGE DUNCAN:  Any objection to that?

25        MR. McCOWN:  No, sir.

1    JUDGE DUNCAN:  All right.  So C-17, yes, it

2  will be.  C-17 is also remaining in the record

3  marked as an exhibit.

4            [Complainant's Exhibit No. C-17 was

5            rejected.]

6    MR. LOPEZ-LOFTIS:  And again -- and also, Your

7  Honor, just to clarify for 8 and 9, I represented

8  we'd provisionally withdraw it, but, you know,

9  given the circumstance with the witnesses that we

10  tabled, I guess we're -- we're not necessarily

11  wanting to withdraw them until we, I guess, hash

12  out the issue of the witnesses.

13    JUDGE DUNCAN:  Yeah, but I think I addressed

14  that a minute ago.  You intended to if they didn't

15  show to try to make some argument that I would let

16  the depositions in --

17    MR. LOPEZ-LOFTIS:  Right.

18    JUDGE DUNCAN:  -- because of unavailability or

19  something to that effect, right?

20    MR. LOPEZ-LOFTIS:  That's correct.

21    JUDGE DUNCAN:  Which I wouldn't do.  If you

22  want to leave them in as marked exhibits for part

23  of the record for appeal purposes -- is that what

24  you're asking?

25    MR. LOPEZ-LOFTIS:  Yes, Your Honor.

1      JUDGE DUNCAN:  Mr. McCrory and Mr. McCown, do

2  you have objection to that?

3      MR. McCOWN:  No, we have no objection.

4      JUDGE DUNCAN:  All right.

5      MR. McCOWN:  One other thing, too.  I know this

6  is really getting --

7      JUDGE DUNCAN:  Hold on.  Let me put this on the

8  record.  So C-8 and C9 will remain in the record as

9  marked exhibits.  Go ahead.

10              [Complainant'S Exhibit Nos. C-8 and

11              C-9 were rejected.]

12      MR. McCOWN:  So they will be like a withdrawn

13  exhibit but remain in the record?  I'm --

14      JUDGE DUNCAN:  It will be -- it will be a

15  marked exhibit.

16      MR. McCOWN:  Okay.  But not admitted?

17      MR. HURT:  And that is -- [overlapping

18  speakers].

19      MR. McCOWN:  And the same with 17, would be a

20  marked exhibit but not admitted except as related

21  to stricken Exhibit 11.

22      JUDGE DUNCAN:  Nothing is admitted yet.

23      MR. McCOWN:  Okay.

24      JUDGE DUNCAN:  We've simply been dealing all

25  morning with the motion to strike and sanction.

1    We're about to go through the exhibits that we have

2    left and find out whether we can preliminarily

3    agree to admit them or whether -- and later, if

4    not, we'll move to admit them through the

5    witnesses.

6         MR. McCOWN:  Yeah, I was just a little confused

7    as to where 17 was running around.

8         JUDGE DUNCAN:  I understand, you know, and

9    before we go further, I think we need to walk back

10   through this list and we'll talk about each one so

11   everybody's on the same page.

12              This is a recordkeeping nightmare

13   here, but we'll get through it.

14              All right.  You know, and as we go

15   through these, we'll go -- what would normally be

16   my next step, I want to find out the ones that are

17   still in, basically, the pretrial statement.

18              As I said to Mr. McCown, nothing's

19   admitted yet.  We simply dealt with what's still

20   here and what's not to be offered to be admitted.

21              But as I go through this list and

22   explain as I understand it, you correct me if -- if

23   somehow I get something wrong, but also let me know

24   whether, just for the purposes of admissibility,

25   you can agree that a certain exhibit can be

1    admitted into the record.

2              It still needs to be discussed with

3    the witnesses, but let's go through that, and I'll

4    start with -- let's just start with Respondent's

5    exhibits.  We haven't talked about those.

6              Mr. Lopez, do you have any objections

7    to the admissibility of Respondent's Exhibit R-1?

8        MR. LOPEZ-LOFTIS:  No, Your Honor.

9        JUDGE DUNCAN:  All right.  And we need to talk

10   a little bit about that as to how it relates to the

11   one that Mr. McCrory said is duplicative or

12   somewhat duplicative of yours.

13             And, really, the best way to do that

14   is on a break, I think you all, when we go off the

15   record, need to compare R-1 to R -- or C-...

16       MR. LOPEZ-LOFTIS:  Oh, C -- C-18.

17       JUDGE DUNCAN:  C-18?  And see if you can come

18   together on an agreement as to which one to use,

19   because I certainly don't need 72 pages of the

20   safety book manual twice in the record.

21             But for now, you have no objection to

22   R-1.  R-1 is admitted.

23             [Respondent's Exhibit No. R-1 was

24             admitted as evidence.]

25       JUDGE DUNCAN:  What about R-2?

1      MR. LOPEZ-LOFTIS:  No objection, Your Honor.

2      JUDGE DUNCAN:  R-2 is admitted into the record.

3              [Respondent's Exhibit No. R-2 was

4              admitted as evidence.]

5      JUDGE DUNCAN:  Any objection to R-3?

6      MR. LOPEZ-LOFTIS:  No objection.

7      JUDGE DUNCAN:  R-3 is admitted into the record.

8              [Respondent's Exhibit No. R-3 was

9              admitted as evidence.]

10      JUDGE DUNCAN:  Any objection to R-4?

11      MR. LOPEZ-LOFTIS:  No objection.

12      JUDGE DUNCAN:  R-4 is admitted into the record.

13              [Respondent's Exhibit No. R-4 was

14              admitted as evidence.]

15      JUDGE DUNCAN:  Any objection to R-5?

16      MR. LOPEZ-LOFTIS:  No objection, Your Honor.

17      JUDGE DUNCAN:  R-5 is admitted into the record.

18              [Respondent's Exhibit No. R-5 was

19              admitted as evidence.]

20      JUDGE DUNCAN:  Now, when I say "admitted," you

21  understand I mean admitted into evidence.

22              R-6?

23      MR. LOPEZ-LOFTIS:  No objection.

24      JUDGE DUNCAN:  R-6 is admitted into the record.

25              [Respondent's Exhibit No. R-6 was

1              admitted as evidence.]

2         JUDGE DUNCAN:  R-7?

3         MR. LOPEZ-LOFTIS:  And no objection.

4         JUDGE DUNCAN:  All right.  So all of

5    Respondent's exhibits without objection are

6    admitted into the record.

7                   [Respondent's Exhibit No. R-7 was

8                   admitted as evidence.

9         JUDGE DUNCAN:  Now let's walk through

10   Complainant's exhibits.

11                  Do you all understand that I've

12   already ruled on the motions.  And before we go

13   into this, have I dealt with all the issues you

14   raised in your motion, Mr. McCrory?

15        MR. McCRORY:  You have not dealt with this

16   issue of witnesses.

17        JUDGE DUNCAN:  Okay.  Any other issues that I

18   haven't dealt with?

19        MR. McCRORY:  No.

20        JUDGE DUNCAN:  Okay.  For the purposes of

21   continuing on the exhibit discussion, Exhibit C-1

22   I've already ruled on in terms of the motion.

23                  Do you have any objection to the

24   admissibility of C-1, Respondent?

25                  MR. McCRORY:  No, Your Honor.

```
 1          JUDGE DUNCAN:  All right.  C-1 is admitted into
 2    the record.
 3                    [Complainant's Exhibit No. C-1 was
 4                    admitted as evidence.]
 5          JUDGE DUNCAN:  Any objection to C-2?
 6          MR. McCRORY:  No, Your Honor.
 7          JUDGE DUNCAN:  All right.  C-2 is admitted into
 8    the record.
 9                    [Complainant's Exhibit No. C-2 was
10                    admitted as evidence.]
11          JUDGE DUNCAN:  C-3?
12          MR. McCRORY:  No, Your Honor.
13          JUDGE DUNCAN:  C-3 is admitted.
14                    [Complainant's Exhibit No. C-3 was
15                    admitted as evidence.]
16          JUDGE DUNCAN:  C-4?
17          MR. McCRORY:  No objection.
18          JUDGE DUNCAN:  C-4 is admitted.
19                    [Complainant's Exhibit No. C-4 was
20                    admitted as evidence.]
21          JUDGE DUNCAN:  C-5?
22          MR. McCRORY:  No objection.
23          JUDGE DUNCAN:  C-5 is admitted.
24                    [Complainant's Exhibit No. C-5 was
25                    admitted as evidence.]
```

March 9, 2017

```
1          JUDGE DUNCAN:  C-10?

2          MR. McCRORY:  We object to that exhibit.

3          JUDGE DUNCAN:  What's the basis?

4          MR. McCOWN:  May I address that, Your Honor?

5          JUDGE DUNCAN:  Please.

6          MR. McCOWN:  May I stand?

7          MR. LOPEZ-LOFTIS:  Before -- I'm sorry to

8     interrupt, but 6 was one of the exhibits that was

9     withdrawn.

10          JUDGE DUNCAN:  We're talking about C-10.  I

11    went from C-5 to C-10.

12          MR. LOPEZ-LOFTIS:  Oh, okay.  Okay, gotcha.

13    Sorry about that.

14          JUDGE DUNCAN:  Mr. McCown?

15          MR. McCOWN:  The API standards are not adopted

16    by OSHA; they're guidelines, they're

17    recommendations.  There's been a lot of litigation

18    over API standards where OSHA will take an API

19    standard and use it as far as like "should" and

20    turn it into a "shall," which there's a long line

21    of cases that -- that have rejected that approach,

22    and I think there's like 150-some-odd standards,

23    not just API, that had to be reduced and deleted.

24                So we -- we object to the API

25    standards on the basis that it is not an adopted
```

1   regulation by OSHA, especially when you have a

2   general duty clause citation.

3      JUDGE DUNCAN:  Okay.  What I'm going to do is,

4   like I said, we're going through and determining

5   which ones we can stipulate to.  I'm going to note

6   that objection.  I'm going to ask you if the

7   Secretary offers C-10 into evidence to the witness

8   to renew it, and then at that time I'll give the

9   government a chance to respond to the objection.

10      MR. McCOWN:  All right.

11      JUDGE DUNCAN:  Thank you.  C-11?

12      MR. McCRORY:  No objection.

13      JUDGE DUNCAN:  Oh, I'm sorry.  C-11 is

14   stricken.

15      MR. McCRORY:  That's correct.

16      JUDGE DUNCAN:  Unless you want to change your

17   position and no objection, Mr. McCrory.

18      MR. McCRORY:  No, we're not changing our

19   position.

20      JUDGE DUNCAN:  All right.  C-11 I've already

21   dealt with in the motion.  C-17 has been withdrawn.

22   I show that's all -- well, we have C-18, as well,

23   which you all are going to talk about and figure

24   out whether we can use R-1 or C-18, correct?

25      MR. McCRORY:  That is correct.

1    MR. LOPEZ-LOFTIS:  That is correct, Your Honor.

2    JUDGE DUNCAN:  So I'm going to hold off on

3  C-18.  It's not admitted yet.  I've admitted R-1,

4  talk to the other side on the first break we have

5  and figure out whether we can continue to use R-1,

6  and if not, you need to revisit C-18 with me and

7  let me know whether for some reason we need to use

8  that one instead.

9             Is everybody on the same page?

10    MR. McCRORY:  Understood.

11    JUDGE DUNCAN:  All right.  And that's all the

12  Complainant's exhibits that I show at this point.

13             Do you agree, Mr. Lopez?

14    MR. LOPEZ-LOFTIS:  Yes, Your Honor.

15    JUDGE DUNCAN:  Mr. McCrory?

16    MR. McCRORY:  I agree, Your Honor.

17    JUDGE DUNCAN:  Okay.  And as you just pointed

18  out, Mr. McCrory, there's an outstanding issue with

19  regard to the witness list, correct?

20    MR. McCRORY:  That is correct, Your Honor.

21    JUDGE DUNCAN:  What is the current motion

22  status with regard to Complainant's witness list?

23  What's your -- who are you objecting to and why?

24    MR. McCRORY:  There were four individuals not

25  identified during the discovery period.  My

1  understanding is that David Cummings and Keith

2  Dale, who are with the Sheriff's Office, are not

3  going to be testifying, so I do not need to address

4  that situation.

5           But James Nelson, who is an engineer

6  with OSHA, he was not identified during discovery.

7  He does not appear in the documents that were

8  produced to Respondent.  And also, George Ogle,

9  which correct me if I'm wrong, you -- it's my

10  understanding he will not be called as a witness.

11  Mr. Lopez?

12     MR. LOPEZ-LOFTIS:  Yeah, we weren't able to get

13  him served, so he will not be called as a witness.

14     MR. McCRORY:  But we still object to him being

15  ever able to testify in these proceedings, but it

16  may be a moot point.

17     JUDGE DUNCAN:  Okay.  So the objection that

18  still remains from the motion is James Nelson's

19  lack of disclosure in discovery and sudden

20  appearance on the pretrial witness list?

21     MR. McCRORY:  That's correct.  And our argument

22  is two-fold.

23           One, I don't think he should be able

24  to testify today because we didn't know about him

25  until after discovery period closed.  And also, we

1    weren't able to, if we wanted to, take his

2    deposition or defend our case because we didn't

3    know that he was a potential witness until after

4    discovery period closed.

5              The same goes for George Ogle.  I said

6    earlier that, you know, if he's not going to appear

7    here, then our objection to him testifying really

8    doesn't matter.

9              That's the same idea, that his -- he

10   was not identified during discovery period, and we

11   weren't able to pursue channels of defense or

12   prepare our case with the knowledge of -- of what

13   the Secretary intended to bring on the last day,

14   and that's why we have a motion to dismiss.

15             We think that there are lots of issues

16   here.  I understand Your Honor has already ruled on

17   the timeliness issue, but I think everything, taken

18   as a whole, this last-minute disclosure of

19   witnesses has prejudiced Respondent.

20             We don't think they should testify,

21   but we also want to pursue our motion to dismiss

22   because this case has been pending for quite some

23   time.  This citation was entered -- issued back in

24   January 2016.

25             It's been set for trial once already.

1 It was not moved until October 28th, when it was

2 just a little over a month before trial, and we did

3 not under -- we never heard about Mr. Nelson being

4 a potential witness in this until just in these

5 last few weeks, and the same goes for Mr. Ogle.

6     JUDGE DUNCAN:  Thank you.  Mr. Lopez, a

7 response?

8     MR. LOPEZ-LOFTIS:  As far as Mr. Ogle, he will

9 not be -- he's withdrawn, so he will not be called

10 up to testify.

11           With regards to James Nelson, unlike

12 your --

13     JUDGE DUNCAN:  Let me stop you there, because I

14 think Mr. McCrory and Mr. McCown are alerted to the

15 fact, and they should be, and you should be, too,

16 that if in fact because of Mr. Mullins and

17 Mr. Brown I have to delay a second half of this

18 trial for the subpoena enforcement, it is possible

19 that you could then go out and subpoena Mr. Ogle or

20 try to subpoena Mr. Ogle.

21           So Mr. McCrory has put into the record

22 his continuing objection to Mr. Ogle, should that

23 happen.  So -- and I don't know if it'll happen or

24 not.

25           But because of that, why don't you

1    also still address Mr. Ogle just for the record.

2         MR. LOPEZ-LOFTIS:  I understand.  Well, with

3    regards to both witnesses, Your Honor, as soon as

4    they became apparent to the Secretary in this case,

5    they were supplemented, unlike the ruling on the

6    other exhibits.  They were supplemented to the

7    Respondent on February 13th.  I believe the

8    discovery deadline was a little less than a week

9    prior to that.

10              But I'll represent to the Court that

11   James Nelson was not necessarily apparent in the

12   file when we -- the Secretary got the case.  And

13   when we learned that Mr. Nelson was a part of this

14   case as a witness, a potential witness, we

15   supplemented our responses, again, on February

16   13th.

17              He -- I personally contacted, in

18   preparation for trial, OSHA, and then that's when

19   OSHA indicated or alluded to Mr. Nelson, and then

20   that's when I did some further digging into his

21   role in this case.

22              And what I learned is, he was actually

23   called down from Salt Lake City to assist in this

24   investigation.  He went out to the site, he

25   conducted some calculations, and he advised OSHA on

1    this citation that was ultimately cited.

2                     And when I learned of his identity,

3    for purposes of this case, I immediately

4    supplemented my responses to the Respondent on

5    February 13th.

6         JUDGE DUNCAN:  So Mr. Nelson was involved as

7    part of the investigative team from the beginning?

8         MR. LOPEZ-LOFTIS:  That is correct.  He was

9    called down by OSHA to assist, to provide technical

10   support to the OSHA team that was working on this

11   case.  He traveled from Utah to Oklahoma, went out

12   to the scene of the accident while the scene was

13   still preserved in its condition, collapsed

14   condition, and conducted the -- a lot of the review

15   of this case.

16                    And he ultimately advised OSHA on the

17   citation that was issued, which he's here today.

18   He's prepared to testify to that.

19        JUDGE DUNCAN:  And do you agree with Mr.

20   McCrory that his name is nowhere in the documents

21   that were produced to Respondent?

22        MR. LOPEZ-LOFTIS:  They were not initially

23   because we were not aware of his identity.  And I

24   understand it to be the case with prior counsel,

25   and know it was definitely the case once I got on

1  this case.  And once I learned that he -- of his

2  identity, I immediately supplemented the responses

3  to the Respondent in good faith and what I believe

4  to be in compliance with Rule 26, disclosures,

5  which allows for supplementing a witness if --

6  after the discovery deadline if another fact or

7  witness becomes apparent.

8       JUDGE DUNCAN:  Did the previous counsel that

9  was handling this case know about Mr. Nelson's

10 involvement?

11      MR. LOPEZ-LOFTIS:  I'll represent to the Court

12 that he did not whatsoever.  And this is based on

13 my conversations with him and my review of the

14 file.  He was not identified in this file.

15           And once I -- and how I learned of his

16 identity was actually through my preparation and

17 speaking with OSHA.  And his name just came up in

18 conversation.  I did some further digging, and

19 learned his role in this case, and I immediately

20 supplemented my responses.

21      JUDGE DUNCAN:  But the folks within OSHA, not

22 the Solicitor's Office, that were involved in the

23 investigation of this case knew from the beginning

24 of the investigation of Mr. Nelson's involvement?

25      MR. LOPEZ-LOFTIS:  That is correct, based on my

1    dealing and what I learned from them.  They did

2    know of his identity.

3         JUDGE DUNCAN:  My concern is -- and I don't

4    know what your practice is or what the counsel's

5    practice before you on this case was, but when you

6    get discovery requests from the other side and they

7    ask questions, I assume, that say list fact

8    witnesses who have immediate knowledge of this

9    case, or something to that effect, that you take

10   those discovery requests and you give them to the

11   client, I would hope that all parties do that, to

12   say, work with me, attorney, in developing the

13   answers to these questions:  Who are the people

14   that were involved in this investigation?  Who are

15   the fact witnesses that may have knowledge of

16   relevant facts related to this case?  What are

17   documents that are relevant to this case?

18             If Mr. Nelson was heavily involved, as

19   it sounds like he was, from the beginning of this

20   investigation, part of the investigative team, went

21   out to the site, took measurements, drew diagrams

22   -- I can't remember exactly what all you said --

23   from the beginning of this case, which is, I don't

24   know, 18 months old, I forget the date, the exact

25   date, it seems to me that there might not have been

1  that communication in the discovery responses

2  because it seems to me, just as a former practicing

3  attorney, that his name would have immediately

4  popped up when OSHA is consulted about those

5  discovery requests.

6              Do you agree or disagree with that?

7       MR. LOPEZ-LOFTIS:  I agree with that, Your

8  Honor.

9       JUDGE DUNCAN:  Okay.

10      MR. LOPEZ-LOFTIS:  And then again, I'll preface

11  it, my statement, my comments, that I cannot speak

12  to what the previous attorney did when he was on

13  this case.

14      JUDGE DUNCAN:  Understood.

15      MR. LOPEZ-LOFTIS:  My practice is as such as

16  what you've indicated.  And again, all the actions

17  that I personally took in this case since I got on

18  it were made in good faith.

19              This witness was a surprise to me.

20  When I learned of his identity and I immediately

21  supplemented my responses on the 13th, which I

22  believe were about four or five days, roughly

23  speaking, after the discovery deadline, which I had

24  got on the case two weeks prior to that.

25              So all -- and then also, Your Honor, I

```
1    also indicate, as I did in my earlier comments,

2    that Basic was present during this -- these

3    inspections.  And from what I understand, they

4    interacted with Nelson.

5                  And so I will represent to the Court

6    that this was more of a surprise to the Solicitor's

7    Office than it was to Basic.  Now, I understand

8    their objection on this case, but again, my actions

9    taken in this case were all made in good faith.  I

10   immediately supplemented the responses, which were

11   on the 13th, which is about three or four weeks

12   before this trial.

13                  And also, Your Honor, when I got on

14   the case, two weeks before the discovery deadline,

15   I conferred with counsel to agree to an extension

16   on the discovery deadline.  And I also asked for

17   some depositions, which they -- they fell through.

18                  And they declined my request to agree

19   to an extension on the discovery, which left me to

20   do exactly what I did, is basically scramble to try

21   to prepare this case for trial.  I'm not using that

22   as an excuse, but just stating that for the record.

23                  But again, everything that -- all the

24   actions that I've taken have been in good faith.

25        JUDGE DUNCAN:  Mr. McCrory or McCown, do you
```

1    want to respond?

2        MR. McCOWN:  May I respond?  For the record,

3    we're not -- we understand Mr. Lopez's situation,

4    and I think he definately tried to do what he could

5    do to remedy this problem.

6                  This particular individual is an

7    engineer employed by OSHA, and my assumption,

8    because he doesn't show up in this entire

9    inspection file, not once, is that they weren't

10   going to use him as a witness, which would be, I

11   think, a normal response.  They have an engineer

12   who maybe went to a worksite, and he said , you

13   know, Basic didn't have anything to do with this.

14   And that would be my conclusion.

15                  Now all of a sudden, he shows up as a

16   witness to testify on something very technical

17   under an API standard.  It has some very discreet,

18   technical terms to it.  And I don't know what he's

19   going to say.

20                  And I am not going to go forward with

21   this hearing.  I'm going to ask for a continuance

22   if he's going to be allowed to testify.  And I

23   don't think he should be allowed to testify.

24                  And I think it's not -- I'm not going

25   to say it's Mr. Lopez's fault.  I know how the

```
1   government works, when they have to change lawyers

2   and, you know, they get overrun.  Our contest rate,

3   I just found out yesterday, it's up to ten and a

4   half percent, so -- from seven, so good luck over

5   the next couple of years.

6                   So they have files that have to be

7   shuffled around.  People leave, and they have a lot

8   more caseload than they have budget to handle it.

9                   But the fact of the matter is is I

10  anticipate that this guy's going to have very

11  significant testimony, and I do not even know how

12  to cross-examine him, except for just do the old

13  McCown throw it up against the wall and see how it

14  works.  That's not fair to Respondent.

15                  So I think there's three avenues:

16  dismissal, which would be the ultimate sanction;

17  continuance, which I don't think anybody wants; or

18  exclusion of him as a witness.

19        MR. LOPEZ-LOFTIS:  May I --

20        JUDGE DUNCAN:  Thank you.

21        MR. LOPEZ-LOFTIS:  -- respond?

22        JUDGE DUNCAN:  Go ahead.  But let me ask you a

23  question, Mr. Lopez.  Just give me a summary of

24  what his testimony is going to be about, if he's

25  allowed to testify.
```

1    MR. LOPEZ-LOFTIS:  If he's allowed to testify,

2    Your Honor, Mr. Nelson is going to testify to his

3    observations that he made when he came out and

4    inspected the site, including taking measurements

5    of the collapsed equipment, his review of the

6    statements that were contained in the police

7    reports, other interview statements that were made,

8    his -- his conferring with OSHA on the matter, and

9    ultimately how he advised OSHA on the citation that

10   was ultimately issued in this case.

11             So he's very essential to the case.

12   He had a substantial amount of involvement in the

13   case.  And again, we supplemented those responses

14   to those requests as soon as this individual became

15   apparent to the Solicitor's Office in preparation

16   for this case, which was on February 13th.

17        JUDGE DUNCAN:  And I appreciate that, but you

18   understand Respondent's position:  that was a week

19   after discovery closed.

20        MR. LOPEZ-LOFTIS:  That is correct, Your Honor,

21   but again, like I said, in good faith I contacted

22   the Respondents, verbally and by email, about

23   trying to request an extension of the discovery

24   deadline prior to the discovery deadline, because

25   when I got on this case, I initially intended to

1  take some depositions, which I requested from the

2  Respondents.  That ultimately fell through.  And so

3  I was left with we basically came up with a hearing

4  today.

5        JUDGE DUNCAN:  Okay.  Thank you.  I'll tell you

6  right now, I'm not going to dismiss the citation.

7  That sanction will not be happening.

8              So the motion, to the extent that it's

9  requesting that the case be dismissed, is denied on

10  all bases:  on the timeliness, on the lack of

11  production of the exhibits, on the disclosure of

12  Mr. Nelson.

13              I think you're all aware there's a

14  strong presumption in the case law of deciding

15  these cases on their merits after full opportunity

16  by both sides in conventional cases to explore the

17  facts and discovery, to address all the issues they

18  need to address, and put on all of their evidence.

19              I am concerned about Mr. Nelson,

20  because as you just said in your reply, he was

21  substantially involved in this investigation from

22  the beginning, and yet he was not disclosed to them

23  until discovery had ended, which was just, you

24  know, really your date, I think, was about three

25  weeks ago.

1        MR. LOPEZ-LOFTIS:  Right.

2        JUDGE DUNCAN:  And then he was listed on the

3    pretrial.

4        MR. LOPEZ-LOFTIS:  But, Your Honor, he was not

5    -- he was supplemented in the responses.

6        JUDGE DUNCAN:  On February 13th.

7        MR. LOPEZ-LOFTIS:  Right.  Which was prior

8    to --

9        JUDGE DUNCAN:  Three and a half weeks ago.

10        MR. LOPEZ-LOFTIS:  Right, right, Your Honor,

11    and again, I did that with what I thought was in

12    compliance with the Federal Rules of Civil

13    Procedure, Rule 26, which actually calls for

14    situations such as this when a witness becomes

15    apparent at a later date after some discovery

16    responses have already went out.  It provides that

17    a party is able to supplement responses.

18                    And I'll also represent to the Court,

19    Your Honor, I tried to do depositions.  If they

20    wanted to depose him after I disclosed him, even

21    after the discovery deadline, I would have been all

22    for that.  But that -- that was not the case.  And

23    I did what I thought would be prudent, given the

24    circumstance.

25        JUDGE DUNCAN:  I understand.  You did the right

 1    thing, based on what I've heard and everything that

 2    you've said and represented to me.  And I think Mr.

 3    McCown just acknowledged that as somebody coming

 4    late into the game is exactly what I would think

 5    anybody, you know, who's aware of what they're

 6    doing in these cases should do.

 7                    But again, this sanction is against

 8    the party.  It's against OSHA.  It's the Secretary

 9    of Labor, it's not against you personally, Mr.

10    Lopez.  So I appreciate the fact that you're

11    explaining that you came in and you identified

12    these issues.  You tried to supplement.  You tried

13    to extend the discovery period to allow them to

14    take a late deposition of Mr. Nelson.

15                    And it might have been too late.  Too

16    little too late simply because that was, like I

17    said, three -- three and a half weeks from today,

18    very recently.

19        MR. McCOWN:  May I put one other thing in the

20    record?

21        JUDGE DUNCAN:  Okay.  Go ahead.

22        MR. McCOWN:  After hearing Mr. Lopez's

23    explanation of what Mr. Nelson will testify to, he

24    almost sounds like, based upon the fact that I

25    think he's been represented as an engineer, is an

1   expert.  And if he's going to render any kind of an

2   opinion, then I definitely -- I don't like to take

3   depositions in OSHA cases, but when you have an

4   expert designated, I do like to take their

5   deposition.

6        MR. LOPEZ-LOFTIS:  He has not been designated

7   as an expert, and we do not intend him to testify

8   as an expert.  We only intended for him to testify

9   to this personal observations and his involvement

10  in the inspection in this case.

11       JUDGE DUNCAN:  Yeah, okay.  I appreciate both

12  those comments.  I mean, I noted that he had him

13  listed as a professional engineer but not as a

14  potential expert witness, so he certainly can call

15  him as a -- as a fact witness.  It sounds like he

16  was involved with the investigation anyway.

17            You know, let me tell you all where my

18  thinking is right now, and then I want to hear from

19  both parties on it.

20            This case has a lot of complexities, a

21  lot of pretrial procedural complexities.  I don't

22  spend, and you probably don't spend, to the extent

23  you've tried these cases before, the first two, two

24  and a half hours sitting here walking through, you

25  know, these procedural motions, sanction requests,

March 9, 2017

1    motions to dismiss, discovery issues.  You know, I

2    always tell everybody, to the extent that you've

3    come up on the morning of trial, discovery issues

4    need to be identified, motions filed within the

5    pretrial time frame and dealt with before we get

6    here.

7            Now, I know anybody who's litigated

8    three cases or more some issues still come up

9    beyond their control, and sometimes we have to talk

10   about these things.

11           Let me ask you, Mr. Lopez, how

12   important are Mr. Mullins and Mr. Brown's testimony

13   to your prosecution of this case?

14     MR. LOPEZ-LOFTIS:  They're very important, Your

15   Honor, because they were two of the essential key

16   witnesses.

17           And Mullins was actually one of the

18   victims that was injured in this accident.  Excuse

19   me, Brown was injured in this accident.

20           Mullins was the rig operator on the

21   rig, operating it when it collapsed, and Mullins

22   [sic] was the tool pusher sitting right next to

23   Mullins.  Brown was standing -- he was standing

24   right next to Mullins at the time of the accident

25   and was injured.

1          And both of those employees are --

2     both of those witnesses worked for Basic at the

3     time of the accident.

4          JUDGE DUNCAN:  Here's what I'm thinking.  And I

5     know I've made some partial rulings.  Several of

6     the issues that you've brought to my attention,

7     from Respondent's motion, from the issue on the

8     subpoenas for Mr. Mullins and Mr. Brown not being

9     here, can be cured by time.  Can be cured.

10          You know, you mentioned moving for a

11     continuance.  I'm not sure you're going to have to

12     do that, because I'm leaning towards delaying this

13     trial, and I want to talk about it with you guys,

14     with the parties, the representatives, to do

15     several things in the interim.

16          Is it your intention to move for

17     enforcement of those subpoenas?

18          MR. LOPEZ-LOFTIS:  That's correct, Your Honor.

19          JUDGE DUNCAN:  All right.  If we delay the

20     continuation of this trial to enforce -- for an

21     enforcement proceeding on the subpoenas for Mr.

22     Mullins and Mr. Brown, and during the interim I

23     allow limited discovery on Mr. Nelson by the

24     Respondent through whatever avenue they choose --

25     and like Mr. McCown said, it's up to them as to

1   whether they want to take a deposition -- but I'll

2   also probably allow some written discovery to get

3   information on his background, his involvement,

4   things like that.

5               I will leave it up to you as to what

6   you do with Mr. Ogle.  I addressed that a minute

7   ago.  But that his -- your decision to not call

8   him, you said, was because you couldn't get him

9   subpoenaed.  I'll leave that up to you to decide in

10  the interim whether or not you want to pursue that.

11              Things can all be cured by moving --

12  and this is our second trial date, so this trial

13  had already been continued once.

14              No one filed a motion to continue it

15  from this date.

16              I know there's all these issues which

17  you raised in your motion, Mr. McCrory.

18              But an extension of time for

19  conducting this trial can cure prejudices or at

20  least arguable prejudices to Respondent.  It can

21  cure prejudices to Complainant in not having two

22  witnesses that you've described as being crucial to

23  your case present to testify.

24              You know, I do not like the idea of,

25  and would be very skeptical of, substituting

1    deposition transcripts of some third-party's civil

2    litigation in lieu of their live testimony.  They

3    are still alive.  They still exist.  You can find

4    them.  We can get them here to testify.  That's

5    always preferable.

6              I do not like how Mr. Nelson was

7    withheld from the Respondent, and did not appear

8    until three and a half weeks ago.  So they were

9    deprived, as Mr. McCown says, of fundamental

10   information about this case and this investigation.

11             So what I'm leaning towards right now

12   is basically recessing this trial.  And I know

13   that's inconvenient for me.  It's inconvenient for

14   you.  It's inconvenient for the witnesses.

15             Because there are lot of complicated

16   issues going on here.  And I have no idea how long

17   a subpoena enforcement proceeding filed in District

18   Court to secure the presence of those two witnesses

19   would take.  It may be adjourned for a while.  I

20   think it'd be plenty of time to cure the issue on

21   Mr. Nelson in terms of your -- and it really would

22   cure these other issues, too, that we've talked

23   about in terms of timeliness of pretrial statement

24   disclosure.

25             But after hearing two hours' worth of

1   this, I'm asking myself the question as to whether

2   that's not the best approach, and I'm going to

3   start with Respondent.

4                   What's your position?

5       MR. McCOWN:  We would object.  We're here,

6   we're ready.  It's not Respondent's fault that they

7   had to change counsel for whatever reason.  We

8   haven't had any explanation for that.

9                   There's really no explanation that's

10  any good about Nelson.  That result, I think, will

11  do nothing but benefit the bad approach to this

12  case.  And I'm not saying it's bad -- bad faith or

13  anything.  It happened.  Nelson wasn't disclosed.

14                  They didn't do anything about the

15  subpoenas.  I mean, I will supplement this record

16  with the -- the attempt and this enforcement action

17  that was filed by OSHA that they dropped when --

18  when the six months went away.

19                  So their whole approach to this case

20  has been to hide things, Mr. Lopez.  And you've got

21  an inspection file that was created by this

22  Compliance Officer that he doesn't even mention his

23  name.

24                  And then we have a situation where

25  they can't get these guys to come in.  That's not

1    the first time.  And they just let it sit there.

2                So we're being basically told that,

3    well, let's just make -- give us some more time so

4    we can cure those things.  I don't think that's the

5    way it's supposed to work.

6                And so we would object to continue.

7    We're here and ready to go today.  And we don't

8    think Mr. Nelson should be allowed to testify.

9         JUDGE DUNCAN:  Mr. Lopez?

10        MR. LOPEZ-LOFTIS:  Your Honor, the Secretary

11   concurs with the Court's recommendations you just

12   made, and we're willing to cure any defects that

13   exist in this case.

14                We're more than willing to produce Mr.

15   Nelson to be deposed if the Respondents so choose

16   or any other discovery requests that they wish to

17   propound.  We're more than willing to comply with

18   that.

19                And I'm on this case now, so whatever

20   defects have been in existence at this point, we're

21   willing to do what it takes to cure it if given an

22   opportunity.

23        JUDGE DUNCAN:  We're going to take a recess.

24   I'm going to think about this, and we'll come back

25   in 15 minutes.  Let's be back in here at -- what is

1    it, 10:45 now?  Be back in her at 11 a.m.

2                  [Recess from 10:43 a.m. until 11:09

3                  a.m.]

4         JUDGE DUNCAN:  All right.  We're back on the

5    record after about a 20-minute recess.  And I also

6    had an opportunity to talk to counsel in chambers

7    for a minute.

8                  Mr. McCown, I'm going to let you speak

9    first.  Is there an update, based on your

10   conversation with Mr. Hurt?

11        MR. McCOWN:  Yes, there is.  And based upon our

12   conversations, I have decided to withdraw our

13   objection to the proposed sequence of events as far

14   as to the deferral or the adjourning of the case.

15        JUDGE DUNCAN:  All right.  Well, thank you.

16   Yeah, I've given this a lot of thought back there,

17   and I appreciate your conversation with counsel in

18   chambers.

19                  And I think the best approach for this

20   case is to do what I said I was leaning towards

21   doing before -- before we recessed.

22                  And I appreciate that Respondent is

23   withdrawing their objection, because I really think

24   that what will -- we have prejudices to both sides

25   right now, in my opinion, that can be cured.

March 9, 2017

1          We have prejudices to the government

2     in that they, as far as I can tell, properly and

3     timely served two very important trial witnesses to

4     come and testify in this case.  And if I were to go

5     forward with this trial today and hold them to

6     putting on the evidence that they have right now,

7     they would not be able to put on evidence that was

8     properly attempted to be secured.

9          You can never tell with certainty

10    unless they flat out tell you when you serve a

11    subpoena that someone's not going to come.  I am

12    concerned with, like Mr. McCown said, that there

13    was this indication, you know, a year ago on an

14    administrative subpoena that they'd be

15    uncooperative.

16          But with that said, you serve somebody

17    with a federal subpoena to appear in court, you

18    presume they're going to show up, unless they flat

19    out say, "I'm not going to be there," which you

20    didn't have any indication of.

21          So it would be prejudicial to go

22    forward with this trial today with two, as you

23    said, very important witnesses not being here to

24    testify.

25          It would be prejudicial to the

1    Respondent to go forward with this trial today,

2    considering the way Mr. Nelson was injected into

3    this case, from their perspective, at a very late

4    stage of the game, three and a half weeks before

5    trial and listed on the witness list.

6                    So we are going to recess this trial.

7    This part of the record will remain part of the

8    record.  And here's basically the conditions that

9    we're going to be following:

10                    I'm going to give the government 15

11   days to file, if they choose to do so, a subpoena

12   enforcement action with regard to the two

13   witnesses, Mr. Mullins and Mr. Brown, who did not

14   appear.

15                    I'm going to reset this trial for

16   sometime in July.  I've got to get back and look at

17   my calendar, and I may float some dates to the

18   parties, but we're going to give this thing at

19   least, you know, ninety, a hundred days out to

20   account for a subpoena enforcement action being

21   initiated and hopefully resolved.

22                    My rulings on the pretrial witness

23   list that we've gone through today will remain

24   intact.

25                    This is not a regrouping that in a

1   hundred days you submit a new pretrial statement

2   and you get to start from scratch.

3              I am concerned with the things that

4   Mr. McCown talked about before he withdrew his

5   objection.

6              This is not a restart.  This is not a

7   all of a sudden you pick new trial exhibits and

8   witnesses on the Respondent's side, and all of a

9   sudden you pick new trial exhibits and witnesses on

10   the Complainant's side.

11              You know, the omissions in the

12   discovery, the lack of timeliness on some of the

13   pretrial things is not going to be forgiven by this

14   delay.  All we're doing is trying to cure two

15   things:  the prejudice to Respondent with Mr.

16   Nelson's existence and participation in this case,

17   and the prejudice to you with the two key witnesses

18   not showing up.  Everything else, if we come back

19   to trial, remains the same, and we keep going

20   forward.

21              Okay?  Does anybody have any questions

22   or clarification on that?

23     MR. McCOWN:  Is there any -- you have a 15-day

24   time frame for the follow-up subpoena for

25   enforcement proceeding.

```
 1        JUDGE DUNCAN:  Right.

 2        MR. McCOWN:  What about for the discovery on

 3   Mr. Nelson?

 4        JUDGE DUNCAN:  Yeah.  Well, you tell me,

 5   because the prejudice is with you.  I'm thinking if

 6   we set this thing in July, depending on calendars,

 7   I would think giving you 60 days would be plenty of

 8   time to get that done.

 9        MR. McCOWN:  That's fine.  That's fine, Your

10   Honor.

11        JUDGE DUNCAN:  All right.  Mr. Lopez, do you

12   agree?

13        MR. LOPEZ-LOFTIS:  I agree.  But one

14   clarification question.  With the limited

15   discovery, is that only with respect to Mr. Nelson,

16   or does the Secretary have an opportunity to do

17   some discovery?

18        JUDGE DUNCAN:  It does not.  That goes with

19   what I was saying before.  This is not a restart of

20   this case.  We're simply trying to fix the problems

21   that we can't fix today.  We can't fix the Nelson

22   problem from Respondent's perspective.  We -- we --

23   and I'm not going to allow you to fix the

24   timeliness and the police report disclosure

25   problem.
```

March 9, 2017

```
1              We are trying to fix the Nelson

2     prejudice and your prejudice as to the two

3     witnesses that didn't show up pursuant to subpoena

4     as if they did get to depose Mr. Nelson and those

5     two witnesses did show up and as if we would

6     continue to forward right now with this trial.

7              Okay?  So there is no additional

8     discovery for the Complainant, and there's only

9     limited discovery to cure the Nelson problem for

10    the Respondent, and they've got 60 days to complete

11    it.

12             Any other issues, any other things

13    that you believe I need to address that I haven't

14    with that ruling, or any questions or

15    clarifications?

16             From the Complainant?

17        MR. LOPEZ-LOFTIS:  No, Your Honor.

18        JUDGE DUNCAN:  From Respondent?

19        MR. McCOWN:  Nothing from Respondent.

20        JUDGE DUNCAN:  Okay.  And I apologize if we're

21    having to delay this and regroup.  This thing is

22    procedurally challenging, and I think both of you

23    would be prejudiced if we went forward today in

24    putting on the evidence that we have.

25             You simply don't have, on the
```

1    Complainant's side, the evidence that you are

2    entitled to, you know, having served the subpoenas.

3              And you don't have the evidence and

4    information that you're entitled to on the

5    Respondent's side.

6              So the best thing that I can think to

7    do is to recess this thing, reset it, cure these

8    defects, and reconvene.

9              And in the meantime, I always

10   encourage you to try to revisit the possibility of

11   settling this case.  It would save you a lot of

12   time and resources.

13             So any questions before we close the

14   record for today?

15       MR. McCOWN:  Nothing from Respondent.

16       MR. LOPEZ-LOFTIS:  Nothing from the Secretary,

17   Your Honor.

18       JUDGE DUNCAN:  All right.  Thank you all.

19   We're in recess.

20                  [Whereupon, these proceedings were

21                  recessed at 11:18 a.m. on March 9,

22                  2017, to reconvene at a future date.]

23

24

25

March 9, 2017

C E R T I F I C A T E

       I, Ann Thornton Berry, hereby certify that this is the transcript of the proceedings held before the OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION, on March 9, 2017, in the matter of SECRETARY OF LABOR, Complainant, v. BASIC ENERGY SERVICES, L.P., Respondent, OSHRC Docket No. 16-0367, and that this is a full and correct transcript of the proceedings.

           /s/ *Ann Thornton Berry*

           ANN THORNTON BERRY, CSR

           Official Reporter

           1533 VZ County Road 4810

           Chandler, Texas 75758

           903-852-2232

# Attachment 3



United States of America
**OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION**
U.S. Customs House
721 19th Street, Room 407
Denver, CO 80202-2517

Phone: (303) 844-2282

Fax: (303) 844-3759

SECRETARY OF LABOR,

Complainant,

v.

OSHRC Docket No. 16-0367

BASIC ENERGY SERVICES LP,

Respondent.

## ORDER COMPELLING WITNESS TESTIMONY AT TRIAL

**Michael Brown**
**456 CR 245**
**Beckville, TX 75631**

Pursuant to 29 U.S.C. §§661(i) and 161, and 29 C.F.R. §2200.57, you are hereby

ORDERED to appear and testify at the trial in this case at **9:00 a.m.** on **March 1, 2018**, at the

following location:

**William M. Steger Federal Building and United States Courthouse**
**211 West Ferguson Street**
**Courtroom 102**
**Tyler, Texas 75702**

SO ORDERED.

Dated: February 6, 2018
Denver, CO

**Judge Brian A. Duncan**
U.S. Occupational Safety and Health Review Commission

## CERTIFICATE OF SERVICE

CASE NAME:          Basic Energy Services LP
OSHRC DOCKET NO.:   16-0367

Service of the foregoing *ORDER* has been made by mailing a copy thereof, via electronic mail dated: February 6, 2018

Christopher D'Allen Lopez-Loftis
U.S. Department of Labor
Office of the Solicitor
525 S. Griffin Street, Suite 501
Dallas, Texas 75202
lopez.christopher.d@dol.gov;
docket.dallas@dol.gov

Sean M McCrory;
Steven Randolph McCown
Littler Mendelson, P.C.
2001 Ross Avenue, Suite 1500, Lock Box 116
Dallas, Texas 75201
smccrory@littler.com;
smccown@littler.com

/s/ *Eliz R Padilla*
Eliz R. Padilla
Legal Assistant
Judge Brian A. Duncan
U.S. Customs House
721 19th Street, Room 407
Denver, CO. 80202-2517
(303) 844-2282 FAX (303) 844-3759



United States of America
**OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION**
U.S. Customs House
721 19th Street, Room 407
Denver, CO 80202-2517

Phone: (303) 844-2282

Fax: (303) 844-3759

SECRETARY OF LABOR,

Complainant,

v.

OSHRC Docket No. 16-0367

BASIC ENERGY SERVICES LP,

Respondent.

## ORDER COMPELLING WITNESS TESTIMONY AT TRIAL

**Johnny Mullins**
**12881 North Main Street**
**Overton, TX 75684**

Pursuant to 29 U.S.C. §§661(i) and 161, and 29 C.F.R. §2200.57, you are hereby

ORDERED to appear and testify at the trial in this case at **9:00 a.m.** on **March 1, 2018**, at the

following location:

**William M. Steger Federal Building and United States Courthouse**
**211 West Ferguson Street**
**Courtroom 102**
**Tyler, Texas 75702**

SO ORDERED.

Dated: February 6, 2018
Denver, CO

**Judge Brian A. Duncan**
U.S. Occupational Safety and Health Review Commission

# CERTIFICATE OF SERVICE

CASE NAME:          Basic Energy Services LP
OSHRC DOCKET NO.:   16-0367

Service of the foregoing *ORDER* has been made by mailing a copy thereof, via electronic mail dated: February 6, 2018

Christopher D'Allen Lopez-Loftis
U.S. Department of Labor
Office of the Solicitor
525 S. Griffin Street, Suite 501
Dallas, Texas 75202
lopez.christopher.d@dol.gov;
docket.dallas@dol.gov

Sean M McCrory;
Steven Randolph McCown
Littler Mendelson, P.C.
2001 Ross Avenue, Suite 1500, Lock Box 116
Dallas, Texas 75201
smccrory@littler.com;
smccown@littler.com

/s/ *Eliz R Padilla*

Eliz R. Padilla
Legal Assistant
Judge Brian A. Duncan
U.S. Customs House
721 19th Street, Room 407
Denver, CO. 80202-2517
(303) 844-2282  FAX (303) 844-3759

**Attachment 4**

# SUBPOENA TO APPEAR AND TESTIFY

## UNITED STATES OF AMERICA

### OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION

*To*  Michael Brown, 456 CR 245, Beckville, TX 75631

*Request therefor having been duly made by*  Christopher D. Lopez-Loftis, Trial Attorney

*of*  525 S. Griffin St., Ste. 501       Dallas                    Texas
_____(Street)_____        _____(City)_____              _____(State)_____

*YOU ARE HEREBY REQUIRED AND DIRECTED TO APPEAR before*   Honorable Judge Brian A. Duncan

*of the Occupational Safety and Health Review Commission, at*  Courtroom 102

William M. Steger Federal Building and United States Courthouse

211 West Ferguson Street

*in the City of*   Tyler, Texas 75702

*on the* 1st  *day of* March                    , 20 18 ,*at* 9:00        *o'clock*  a.m.

*of that day, to testify in the Matter of* Secretary of Labor v. Basic Energy Services, LP

_____ *OSHRC Docket No.* 16-0367

*And you are hearby required to bring with you and produce at said time and place the following books, records, correspondence, and documents:*

_____

_____

_____

*In testimony whereof, the seal of the Occupational Safety and Health Review Commission is affixed hereto, and the undersigned has hereunto set hand and authorized the issuance hereof.*

*Issued at*   Denver, Colorado

*This* 7      *day of* February              , 20 18

Brian A. Duncan, Judge, OSHRC

U. S. Customs House
721 19th Street, Room 407
Denver, CO 80202-2517

NOTICE TO WITNESS. – Witness fees for attendance, subsistence, and mileage, under this subpoena are payable by the party at whose request the witness is subpoenaed. This subpoena should be retained and submitted with the voucher if reimbursement for witness fees from the U.S. Government is claimed.

## RETURN OF SERVICE

I hereby certify that being a person over 18 years of age, I duly served a copy of the within subpoena

☑ In person

☐ by certified mail-return receipt requested

☐ by leaving a copy at principal office or place of business, or at the person's residence with some person of suitable age and discretion residing therein, to wit:

on the person named herein on ___02/12/2018___ 7:15 pm

___02/13/2018___
(Month, Day, and Year)

LAREN TRITCH ~~signature~~
(Name of person making service)

PSC10955   EXP 5/31/20
(Official Title, if any)

*I certify that the person named herein was in attendance as a witness at*

_____

*On*

_____
(Month, Day, and Year)

_____
(Name of person certifying)

_____
(Official Title)

Page 2 of 3

# SUBPOENA TO APPEAR AND TESTIFY

## UNITED STATES OF AMERICA

### OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION

*To* Johnny Mullins, 12881 North Main Street, Overton, TX 75684

*Request therefor having been duly made by* Christopher D. Lopez-Loftis, Trial Attorney

*of* 525 S. Griffin St., Ste. 501    Dallas    Texas

      (Street)          (City)         (State)

***YOU ARE HEREBY REQUIRED AND DIRECTED TO APPEAR*** *before*    Honorable Judge Brian A. Duncan

*of the Occupational Safety and Health Review Commission, at* Courtroom 102

William M. Steger Federal Building and United States Courthouse

211 West Ferguson Street

*in the City of* Tyler, Texas 75702

*on the* 1st *day of* March , 20 18 ,*at* 9:00 *o'clock* a.m.

*of that day, to testify in the Matter of* Secretary of Labor v. Basic Energy Services, LP

*OSHRC Docket No.* 16-0367

*And you are hearby required to bring with you and produce at said time and place the following books, records, correspondence, and documents:*

In testimony whereof, the seal of the Occupational Safety and Health Review Commission is affixed hereto, and the undersigned has hereunto set hand and authorized the issuance hereof.

*Issued at* Denver, Colorado

*This* 7 *day of* February , 20 18

Brian A. Duncan, Judge, OSHRC

U. S. Customs House
721 19th Street, Room 407
Denver, CO 80202-2517

NOTICE TO WITNESS. – Witness fees for attendance, subsistence, and mileage, under this subpoena are payable by the party at whose request the witness is subpoenaed. This subpoena should be retained and submitted with the voucher if reimbursement for witness fees from the U.S. Government is claimed.

## RETURN OF SERVICE

I hereby certify that being a person over 18 years of age, I duly served a copy of the within subpoena

☑ In person

☐ by certified mail-return receipt requested

☐ by leaving a copy at principal office or place of business, or at the person's residence
with some person of suitable age and discretion residing therein, to wit:

on the person named herein on ___02/19/2018___ 4:20pm___

02/21/2018
_____
(Month, Day, and Year)

_Karen Tritch_ LAREN TRITCH
(Name of person making service)

PSC10955 EXP 5/31/20
(Official Title, if any)

_I certify that the person named herein was in attendance as a witness at_

_____

_____

_On_ .

_____
(Month, Day, and Year)

_____
(Name of person certifying)

_____
(Official Title)

Page **2** of **3**

# **Attachment 5**



General Counsel

Phone: (202) 606 - 5410
Fax: (202) 606 - 5417

April 4, 2017

Director Joseph H. Hunt
Civil Division, Federal Programs Branch
United States Department of Justice
20 Massachusetts Ave. NW
Washington, DC 20735

Dear Mr. Hunt,

I am writing to request your assistance in enforcing a subpoena issued by an Administrative Law Judge of the Occupational Safety and Health Review Commission (Commission). The Commission is an independent, quasi-judicial administrative agency established under section 12 of the Occupational Safety and Health (OSH) Act, 29 U.S.C. § 661.

Commission Rule of Procedure 57(a), 29 C.F.R. § 2200.57(a), promulgated under the authority granted the Commission in section 661(i) (making 29 U.S.C. § 161 applicable to the Commission), states that a Commission judge shall, "on the application of any party, issue to the applying party subpoenas requiring the attendance and testimony of witnesses and the production of any evidence . . . ." In the case of *Secretary of Labor v. Basic Energy Services, LP*, OSHRC Docket No. 16-0367, Judge Brian A. Duncan, at the request of the Secretary of Labor, who represents the Occupational Safety and Health Administration (OSHA), issued subpoenas on February 28, 2017, directing two individuals—Johnny Mullins and Michael Brown—to appear before the judge on March 9, 2017 at 9:00 a.m. for an administrative hearing at the Earle Cabell Federal Building in Dallas, Texas.[1]  (Ex. C to Mot.)

Before retaining a certified process server, the Secretary first asked an attorney from the law firm Lapeze & Johns, PLLC, Keith Lapeze, whether he would accept service on behalf of Mr. Mullins and Mr. Brown. It appears that the Secretary believes both individuals are represented by this law firm in related state court actions involving Basic Energy Services and

---

[1] Following the collapse of an oil and gas service rig—which caused a serious injury and a fatality—OSHA conducted an investigation and then issued a citation to Basic Energy Services alleging a violation of section 5(a)(1) of the OSH Act, 29 U.S.C. § 654(a)(1). The company contested the citation, resulting in the adjudicatory proceeding before the Commission. *See* 29 U.S.C. § 659(c) (establishing procedure for employer to contest citation). The allegations in the citation concern Basic Energy Services' alleged failure to remove employees working on the rig from its derrick before applying unusual loading on the rig. (Complaint at 11.) According to OSHA, Mr. Mullins and Mr. Brown were working on the rig when it collapsed and they are the only Basic Energy Services employees who survived the collapse.

one of its affiliates. Mr. Lapeze refused. (Ex. G to Mot.; Tr. 28-29, 31-32, 38-39.) Subsequently, via a certified process server, Mr. Mullins was served in person on February 28, 2017, and Mr. Brown was served in person on March 2, 2017. Both individuals failed to appear for the March 9, 2017 hearing. (Ex. C to Mot.)

The Secretary has now filed with the judge a Motion to Enforce Commission Trial Subpoenas.[2] The Secretary's position is that he is entitled to solicit Mr. Mullins' and Mr. Brown's testimony concerning (1) the events surrounding the accident, and (2) Basic Energy Services's "safety procedures and allocation of authority."[3] The Secretary points out that the "central fact issues in this matter center on the conduct" of these two individuals "during the events leading to the accident." (Mot. at 4.) Basic Energy Services's Answer, which raises "unforeseeable employee misconduct" as an affirmative defense, lends credence to the Secretary's position. (Answer ¶ VIII.)

Because the Commission lacks the authority to petition the United States District Court to enforce the subpoena, I request that your office do so on the Commission's behalf in accordance with Commission Rule 57(e), 29 U.S.C. § 2200.57(e).[4]

---

[2] This is not the first time Mr. Mullins and Mr. Brown have refused to comply with subpoenas. Before issuing Basic Energy Services the citation at issue, OSHA—as part of its pre-citation investigation—issued subpoenas to both individuals in October 2015 to compel them to appear before OSHA personnel for interviews. (Ex. E to Mot.) According to the Secretary's motion, Mr. Mullins and Mr. Brown only agreed to be interviewed after a subpoena enforcement action was commenced in the relevant federal district court (Ex. F to Mot.), but at that point, OSHA had already issued the citation to Basic Energy Services. OSHA, therefore, did not interview them. (Mot. at 3 n.6.) Both individuals, however, appeared for depositions in the aforementioned state court actions. (Exs. A, H1, H2 to Mot.)

[3] In its motion, the Secretary renews its request, previously raised at the March 9, 2017 hearing, that if the subpoenas are not enforced and the two individuals persist in their failure to comply, counsel be permitted to offer Mr. Mullins' and Mr. Brown's deposition testimony from the state court actions under Federal Rule of Evidence 804. (Mot. at 5-6.) At the hearing, the judge found that the depositions could not be admitted under Rule 804. (Tr. 53, 96-97, 101-02.)

[4] Commission Rule 57(e) states as follows:

(e) *Failure to comply with subpoena.* Upon the failure of any person to comply with a subpoena issued upon the request of a party, the Commission by its counsel shall initiate proceedings in the appropriate district court for the enforcement thereof, if in its judgment the enforcement of such subpoena would be consistent with law and with policies of the Act. Neither the Commission nor its counsel shall be deemed thereby to have assumed responsibility for the effective prosecution of the same before the court.

Thank you in advance for your assistance with this matter. If you have any questions or need further information, please feel free to contact Ron Bailey (rbailey@oshrc.gov) or Pat Moran (pmoran@oshrc.gov), the attorneys in my office to whom this matter has been assigned, at 202-606-5410.

Sincerely,

Nadine N. Mancini
General Counsel

Attachments[5]
cc:     Brian A. Duncan, Administrative Law Judge
        Pat Moran, Senior Attorney Advisor
        Ron Bailey, Attorney Advisor

---

[5] Included with this letter is a CD that contains the entire case file for Docket No. 16-0367 and a docket sheet (compiled on April 4, 2017).